## CLARENCE R. COLE *v.* WARDEN, MARYLAND PENITENTIARY

[No. 27, Initial Term, 1967.]

*Decided February 14, 1967.*

Before ANDERSON, MORTON, ORTH and THOMPSON, JJ.

THOMPSON, J., delivered the opinion of the Court.

On July 27, 1962, the Petitioner was found guilty in the Circuit Court for Baltimore County under four indictments for forgery and one indictment for conspiracy, by Judge John E. Raine, Jr., sitting without a jury, and was sentenced to three years consecutive under each of the forgery indictments

and eighteen months consecutive for conspiracy. Judgment and sentence was affirmed by the Court of Appeals of Maryland in *Cole v. State,* 232 Md. 111, 194 A. 2d 278, cert. den. 375 U. S. 980, 11 L. Ed. 2d 425, 84 S. Ct. 503 (January 6, 1964).

The Petitioner filed his first petition for relief under the Uniform Post Conviction Procedure Act on February 5, 1964, which relief was denied by Judge James J. Lindsay on March 23, 1964, and application for leave to appeal therefrom was denied. *Cole v. Warden,* 235 Md. 683, 202 A. 2d 596. The present petition, being the second application for relief under the Uniform Post Conviction Procedure Act, was filed June 21, 1965. Counsel was thereafter appointed to represent the Petitioner in these proceedings. A hearing was held before the Honorable Walter M. Jenifer on April 12, 1966, and a second hearing on reargument on June 3, 1966, at which time relief was denied.

The burden of the Petitioner's contention below was that *Escobedo v. Illinois,* 378 U. S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758 (June 22, 1964) should be applied retroactively in this case because specimens of his handwriting obtained from him amounted to a confession; and he was not advised of his right to remain silent, and he was not advised of his right to counsel and he was denied the right to use a telephone to obtain counsel. This matter was settled finally by the Supreme Court of the United States on June 20, 1966, in the case of *Johnson v. New Jersey,* 384 U. S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772, which ruled that *Escobedo v. Illinois, supra,* was not retroactive.

In his application for leave to appeal, filed July 6, 1966, the Petitioner, seeking to avoid the effects of *Johnson v. New Jersey, supra,* attempts to bring his case within the doctrine of *Davis v. North Carolina,* 384 U. S. 737, 16 L. Ed. 2d 895, 86 S. Ct. 1761 (also decided June 20, 1966) which held that a coerced confession violated due process and could be raised at any time. The lower court found as a fact that the Petitioner gave his specimens of handwriting voluntarily. Although the Petitioner's allegations would bring the case within *Escobedo*

*v. Illinois, supra,* they are quite insufficient to bring the Petitioner the protection of *Davis v. North Carolina, supra.*

> *Application denied.*