## JOSEPH NORRIS *v.* WARDEN, MARYLAND HOUSE OF CORRECTION

[No. 47, Initial Term, 1967.]

70.

*Decided March 10, 1967.*

Before ANDERSON, MORTON, ORTH and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from an order of May 13, 1966, of Judge Meyer M. Cardin, sitting in the Crimi-

nal Court of Baltimore, denying relief sought by a first petition filed by Joseph Norris under the Uniform Post Conviction Procedure Act.

On April 20, 1964, applicant pleaded guilty to one charge of burglary and was found guilty of another charge of burglary before Judge Edwin J. Harlan, presiding in the Criminal Court of Baltimore, and was sentenced to three years on each charge, the sentences to run consecutively. No motion for a new trial was made nor appeal noted. On February 3, 1966, applicant filed a petition for relief listing six contentions:

"1) Police interrogators neglected to inform the Petitioner of his right to have the advice of Counsel.

"2) Petitioner was denied the right to legal Counsel at the time of his Preliminary Hearing.

"3) Petitioner was denied his right to legal representation at the time of his arraignment.

"4) Petitioner's trial attorney (Court Appointed) was inadequate.

"5) The evidence was insufficient to support a verdict of guilty.

"6) And for such other and further grounds as will be urged at the hearing of this petition."

He notes "Through ignorance and lack of competence on the part of the Petitioner's Counsel at trial, the Petitioner did not Appeal the above mentioned conviction to the Maryland Court of Appeals." This will be considered as part of the fourth contention.

The docket shows an application for leave to appeal filed June 13, 1966, although a letter from applicant to the Clerk of the Court of Appeals requesting an appeal is dated June 14, 1966. Assuming the docket entry to be correct, the appeal was filed within the time required by Maryland Rule BK 46 a, as June 12, 1966, was a Sunday.

The application, however, does not comply with Maryland Rule BK 46 b, failing to contain a brief statement of the reasons why the order should be reversed or modified and may be denied for this reason alone. We think, however, that the application should be denied on the merits of the contentions raised in the lower court. *Johnson v. Director*, 243 Md. 708.

*First Contention*: At the hearing applicant did not contend that he requested counsel and was denied such request. Without deciding that a request for counsel is required, applicant does not come under the purview of *Miranda v. Arizona,* 384 U. S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (June 13, 1966) as *Miranda* is not retroactive. *Meadows v. Warden,* 243 Md. 710; *Johnson v. New Jersey,* 384 U.S. 719 (1966). Nor is there a contention that a confession was admitted into evidence, so the circumstances of his interrogation do not come within the facts of *Escobedo v. Illinois,* 378 U. S. 478, 12 L. Ed. 2d 977. The first contention is without merit.

*Second and Third Contentions*: Lack of counsel at a preliminary hearing is no ground for post conviction relief, there being no allegation that applicant pleaded guilty at such hearing and that evidence of that plea was introduced at the trial. *Evans v. Warden,* 240 Md. 333.

Applicant pleaded not guilty at his arraignment as shown by the docket entries. He testified at the post conviction hearing that the Court withheld plea on initial call for arraignment until counsel was appointed for him. He was in no way prejudiced and lack of counsel at arraignment affords him no ground for relief. *Evans v. Warden,* supra.

*Fourth Contention*: The Court of Appeals has broadened the former test of inadequacy of counsel as it existed prior to *Turner v. State,* 303 F. 2d 507 (4th Ct.) and its sequel, *Turner v. State,* 318 F. 2d 852 (4th Ct.) by its decision in *Hyde v. Warden,* 235 Md. 641, and other cases cited at 646 of 235 Md., where it held, in effect, that a finding of fact on all questions dealing with competency of counsel properly presented in a petition for post conviction relief, is required. *Slater v. Warden,* 241 Md. 668. The allegation in the petition that the trial attorney did not appeal the conviction and applicant's contention at the hearing that his attorney failed to advise him of his right to move for a new trial and appeal, in themselves, afford no grounds for post conviction relief. *Cooper v. Warden,* 225 Md. 630, 169 A. 2d 419; *Farmer v. Warden,* 221 Md. 594, 155 A. 2d 665. Applicant's trial attorney testified at the hearing that his usual practice is to advise all of his clients in criminal cases of their respective rights. There are no allegations that

applicant requested an appeal or motion for a new trial or that his counsel or the State precluded him from filing such a motion or noting an appeal. Under all the circumstances of this case, there is nothing in the record to show that applicant had not been afforded a genuine and effective representation. Cf. *Slater v. Warden,* supra. The allegation made at the hearing that the questioning of witnesses by applicant's trial counsel was improper involves, basically, a matter of trial tactics and is not reviewable in this proceeding. *Hall v. Warden,* 224 Md. 662; *Slater v. Warden,* supra.

*Fifth Contention*: The Court of Appeals has held in innumerable cases that the question of guilt is not subject to review in a post conviction hearing. *Meadows v. Warden,* 243 Md. 710, 713. We so state again.

*Sixth Contention*: At the hearing, applicant, upon being questioned by both the State's Attorney and his own counsel, stated he had no further contentions to raise.

*Application denied.*