MARTIN FRANCIS GROH *v.* WARDEN,
MARYLAND PENITENTIARY

[No. 156, Initial Term, 1967.]

*Decided August 25, 1967.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

On September 11, 1940, Martin Francis Groh was convicted of murder in the first degree after a jury trial in the Criminal Court of Baltimore. He was sentenced to life imprisonment in the Maryland Penitentiary. He took no direct appeal. He filed this post conviction petition on February 17, 1966. A hearing was held before Judge Joseph L. Carter, and an order denying relief was filed on December 28, 1966.

In his petition, applicant alleges five grounds for relief:

1. That he was illegally arrested without a warrant and without probable cause.
2. That he was denied assistance of counsel during the time of interrogation.
3. That his court-appointed counsel was so incompetent as to amount to no representation at all, in that:
   (a) he failed to prepare a proper defense;
   (b) he failed to object to incriminating evidence which was used in court against petitioner.
4. That the evidence was insufficient to support a verdict of guilty of first degree murder.
5. That the petitioner was denied due process of law and was thereby prejudiced, due to the fact that while the jury was deliberating, the judge called the jury from the jury room and advised them that it was getting late and that they could go home and return the following morning in order to finish their deliberation and reach a verdict.

Adjudication of these contentions has been rendered difficult because of the absence of the transcript of the original trial, especially with respect to contentions 2, 3, and 5. In the twenty-six years intervening between the trial and the filing of this petition, the court reporter passed away and his notes were lost.

As to the first contention, the hearing judge found records which established that there was, in fact, a warrant for petitioner's arrest. Therefore, the arrest was legal and the first contention is without merit.

The second contention—that petitioner was denied assistance of counsel at the time of interrogation—is likewise without merit. Applicant testified at the hearing that he was detained at police headquarters for three days and interrogated intermittently until he made a statement, and that police denied his repeated requests to provide him with a lawyer. Without a transcript, there is no conclusive evidence that this statement was ever introduced into evidence at the trial. Applicant testified at the post conviction hearing that, at the trial, the State's Attorney started to read his written statement, but the judge "told

[redacted]

him not to" or "told him that it wasn't necessary" even though the applicant's attorney had not objected to it.

Even if the statement had been admitted at trial, it is well established that *Miranda v. Arizona,* 384 U. S. 436 and *Escobedo v. Illinois,* 378 U. S. 478, are not retroactive. *Johnson v. New Jersey,* 384 U. S. 719; *Palmer v. Warden,* 245 Md. 673; *Cole v. Warden,* 1 Md. App. 21.

As to applicant's third contention—that applicant was represented by incompetent counsel—the hearing judge cited *Norvell v. Illinois,* 373 U. S. 420, which held that "a State, in applying *Griffin v. Illinois* to situations where no transcript of the trial is available due to the death of the court reporter, may without violation of the Due Process or Equal Protection Clause deny relief to those who, at the time of the trial, had a lawyer and who presumably had his continuing services for purposes of appeal and yet failed to pursue an appeal." Two recent United States Court of Appeals cases have interpreted *Norvell* as raising a presumption, where a transcript is unavailable through no fault of the state, that a petitioner's attorney adequately protected his rights. *Guerra v. Rodriguez,* 372 F. 2d 472 (10th Cir. 1967); *Gallegos v. Cox,* 358 F. 2d 703 (10th Cir. 1966). Regardless of the validity of such a presumption, we find that applicant has not sustained the burden of proving that he was not given genuine and effective representation, especially since he has offered no testimony to support his allegation that his attorney failed to prepare a proper defense and failed to object to incriminating evidence. See *Norris v. Warden,* 1 Md. App. 69. Clearly, the Fourteenth Amendment cannot require the performance of the impossible on the part of the state—that is, the furnishing of the transcript of the trial—and we find that under these circumstances applicant is not denied due process or equal protection of the laws when he is denied a new trial on post conviction, especially where he failed to take a direct appeal.[1]

---

1. The fact that the trial judge is dead and the court stenographer's notes cannot be transcribed does not, in itself, require the award of a new trial. Absent a showing that a transcript is essential to establish whether there has been a violation of due process, the applicant is not entitled to a new trial. See *State v. Long,* 235 Md. 125.

Allegations dealing with the sufficiency of the evidence are not properly raised in post conviction procedure. *Johnson v. Director,* 243 Md. 708; *Nixon v. Director,* 1 Md. App. 14. Therefore, we find applicant's fourth contention to be without merit.

Finally, as to applicant's contention that the trial judge committed error in permitting the jury to separate after the case had been submitted to them, the post conviction hearing judge found as a fact that the trial took two days, that all the testimony was concluded on the first day, that counsel for the state and for the defense argued their case to the jury on the first day, that the trial judge then excused the jury until the next day, that the judge gave his advisory instructions on the morning of the second day, and that the jury then deliberated and returned its verdict. It is clear that the hearing judge could reasonably reach these conclusions after examining the documents available and listening to the testimony at the hearing, and we can see no reason to disturb his finding.

For the reasons stated above, the application for leave to appeal is denied.

*Application denied.*