## MELVIN HENRY GREEN *v.* WARDEN, MARYLAND HOUSE OF CORRECTION

[No. 102, September Term, 1967.]

*Decided February 28, 1968.*

Before Murphy, C. J., and Anderson, Morton, Orth, and Thompson, JJ.

Per Curiam.

This is an application for leave to appeal from an order filed on July 21, 1967, by Judge Robert I. H. Hammerman, sitting

in the Criminal Court of Baltimore, denying relief sought under the Uniform Post Conviction Procedure Act.

As stated by Judge Hammerman in his memorandum opinion, the applicant raised the following contentions:

1. That petitioner was the subject of an illegal arrest for the reasons that:
    a. He was not a resident of the house in which he was arrested,
    b. The police had no probable cause to arrest him,
    c. That the narcotics were found in the hall of the home in which he was arrested and he was charged with their possession.
2. That the police gave perjured testimony at the time of trial.
3. That he was not properly represented by his court appointed lawyer.

Judge Hammerman stated that:

"Petitioner's counsel conceded at the outset and at the conclusion of the hearing that the first two grounds were not proper subjects for review on Post Conviction, that she understood that these issues were raised at the time of trial, and that she was not pressing them at this time."

The mere fact of an illegal arrest is not grounds for relief under the Uniform Post Conviction Procedure Act, *Slater v. Warden,* 233 Md. 609, as the legality of the arrest is immaterial where no fruits of the arrest are introduced into evidence at the trial against the accused; *Ogle v. Warden,* 236 Md. 425, but where the petitioner alleges, as he seems to do in this case, that evidence was seized as a result of the illegal arrest, this constitutes an allegation of an illegal search and seizure and may properly be raised under the Act. *Davis v. Warden,* 232 Md. 670; *Fennell v. Warden.* 236 Md. 423; *Austin v. Director,* 237 Md. 314. Since this issue was not pressed at the hearing, it can be considered as abandoned. *Szukiewicz v. Warden,* 1 Md. App. 61. However, we note that the lower court found that there was nothing in the testimony of the applicant to in-

dicate that his arrest was illegal. Since applicant did not carry his burden of proof, the arrest must be considered as legal. Thus, the allegation of an illegal search and seizure would also fail since further evidence to support this contention was not offered.

Judge Hammerman states that the rule as to incompetence of counsel is "that it is only when the representation is so deficient as to make a farce out of the trial that an accused is entitled to a new trial." Although this was the former rule in Maryland, the Court of Appeals has expanded this rule in *Slater v. Warden,* 241 Md. 668, so as to give a more comprehensive definition to that rule. The more preferable rule now is that counsel is incompetent when under all the circumstances of the particular case the petitioner has not been afforded "a genuine and effective representation." *Turner v. State,* 303 F. 2d 507 (4th Cir. 1962) ; *Turner v. State,* 318 F. 2d 852 (4th Cir. 1963) ; *Slater v. Warden, supra; Jones v. Warden,* 244 Md. 720; *Nash v. Warden,* 243 Md. 700. This is the rule that is now being followed by the Maryland Court of Special Appeals. *Groh v. Warden,* 1 Md. App. 674; *Charles v. State,* 1 Md. App. 222; *Norris v. Warden,* 1 Md. App. 69; *Cherrix v. Warden,* 1 Md. App. 65.

However, even under this more comprehensive rule, the trial counsel for applicant was not incompetent. Judge Hammerman found that "the court clearly does not find that (counsel) was in any way incompetent or negligent in the performance of his duties as attorney for the petitioner. Quite the contrary in the case. The court feels that (counsel) did a more than adequate job in defending the petitioner, as the testimony clearly demonstrates."

As to the second contention, we accept the lower court's finding that this was a bald allegation as no evidence was offered to support it at the hearing. Thus it cannot constitute grounds for relief. *McCoy v. Warden,* 1 Md. App. 108.

*Application denied.*