JAMES WALTER BOOTH, JR. *v.* WARDEN, MARYLAND HOUSE OF CORRECTION
[No. 114, September Term, 1967.]

*Decided April 1, 1968.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from an order of Judge Stuart F. Hamill sitting in the Circuit Court for Allegany County denying relief prayed under the Uniform Post Conviction Procedure Act.

The applicant alleged in his petition for relief:

(1) that at his trial at which he was convicted of assault with intent to carnally know a female under the age of 14 years, his wife "was forced to testify by the State's Attorney" on the threat that if she did not testify the State's Attorney would bring out her "past criminal background", and that her testimony was "prejudiced";

(2) that one of the two judges who presided at his trial was prejudiced;

(3) that it was impossible for him to have received an "unbias trial" due to "local newspaper advertisement" of his case;

(4) that his counsel was incompetent "as he even failed to cross-examine" the appellant's wife;

(5) that he made oral statements to the police without being advised of his rights and "without presence of counsel";

(6) that evidence "obtained through an illegal search and seizure, presented to the Court, even though ordered stricken from the record was hard to erase from the minds of the two presiding Judges";

(7) that the evidence was not sufficient to sustain the conviction.

The applicant was afforded a full evidentiary hearing at which he was represented by counsel appointed for him. Nine witnesses testified, including both judges who presided at his trial, his wife and the attorney representing him at the trial, privately retained, who had been a member of the bar for 50 years and had extensive experience in the defense of criminal matters. We have reviewed the transcript of the testimony at the hearing.

With regard to the first allegation, the applicant testified that he had not heard the State's Attorney threaten his wife

but was told of the threats by someone whose name he refused to divulge. We find nothing in the testimony of the applicant or his wife to show that her testimony at the trial was prejudiced. There is no merit in the allegation.

With regard to the second allegation, we agree with the finding of the hearing judge that there was not "an iota or scrap of evidence whatsoever" that the trial judge about whom the applicant complained was "in any way prejudiced in this case."

With regard to the third allegation, the hearing judge found that there was not "a bit of competent testimony or evidence presented * * * to show that there was any impartiality (sic.) or prejudicial statements by the newspapers." We agree. See *McCoy v. Warden,* 1 Md. App. 108.

With regard to the fourth allegation, assuming it to be true, the failure to cross-examine is a matter of trial tactics and not *per se* sufficient to show that counsel was incompetent. *Hines v. Warden,* 236 Md. 406; *Norris v. Warden,* 1 Md. App. 69. At the hearing the allegation was made that counsel at the trial had failed to call witnesses suggested by the applicant. Counsel testified that he talked to the suggested witnesses and they had no evidence which was relevant to the trial. Three of them testified at the hearing and had no personal knowledge of the case. The hearing court found that the applicant's counsel was justified in not calling the witnesses at the trial and we agree. At the trial, counsel, by timely objection, was successful in having a statement made by the applicant to the police kept out of evidence, made motions for judgment of acquittal and advised the applicant not to testify. We find nothing in the record to show that the applicant was not afforded a genuine and effective representation at his trial. *Ross v. Warden,* 1 Md. App. 46.

With regard to the fifth allegation, as we have noted, the statement of the applicant was not received in evidence at his trial. By the applicant's own words in stating the sixth allegation, the evidence complained of was not admitted at his trial. The allegations have no merit. See *Hutchinson v. State,* 1 Md. App. 362; *Stackhouse v. State,* 1 Md. App. 399.

With regard to the seventh allegation, the sufficiency of the evidence to sustain the conviction is not to be considered in a post conviction procedure. *Nixon v. Director,* 1 Md. App. 14; *Lyde v. Warden,* 1 Md. App. 423.

At the hearing, a question arose as to direct appeal from the judgment against the applicant. It was shown that a timely appeal was noted by counsel who then wrote the applicant:

> "I wish to advise that to protect any rights which you might have, I have filed an order for appeal to the Court of Appeals. If you wish this case to be appealed and tried on Appeal, you should write to Judge Naughton at Cumberland, and if you have no funds with which to pay for the appeal, tell the Court this in a letter, and ask him to appoint some lawyer to handle the case for you.
> Please let me know at once if you receive this letter and what you want done concerning the appeal."

The appeal was not perfected. The applicant admitted receiving the letter, and claimed he wrote both the presiding judges asking that counsel be appointed for him. Both judges testified that they had not received such a request. The hearing judge found that the evidence clearly indicated that counsel had advised the applicant "exactly what he should do with regard to taking an appeal to the Court of Appeals and he failed to do it." We agree. See *Wampler v. Warden,* 231 Md. 639, 651.

In the application for leave to appeal the applicant attempts to raise two additional allegations. He claims counsel representing him at the post conviction hearing was incompetent and that he was denied a transcript of his trial. The applicant mentioned during his testimony at the hearing that he needed the transcript to ascertain the name of a police officer who could testify in his behalf. Although it is not clear from the record, it appeared that the applicant thought that his wife had called someone and that the officer knew whom she had called. But he made no proffer of what his wife said to the unknown man saying only that the officer "could testify that that night if it was the man that she called that what went on that night." From the record we do not think that any rights of the applicant

were denied by the failure to furnish him a transcript. See *Klein v. Warden,* 233 Md. 603. The question of competency of counsel at the post conviction hearing was not raised below and is not properly before us. Md. Rules, 1085. In any event, the transcript of the proceedings shows clearly that the applicant was afforded competent representation at the hearing.

*Application denied.*