# FRANKLIN HESS *v.* STATE OF MARYLAND

[No. 132, September Term, 1967.]

510

*Decided July 3, 1968.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from a denial of relief requested in a first petition under the Uniform Post Conviction Procedure Act by Judge Irvine H. Rutledge, sitting in the Circuit Court for Washington County.

On 30 March 1967 applicant was found guilty of assault by a jury in the Circuit Court for Washington County, Chief Judge D. Kenneth McLaughlin presiding. He was sentenced to three years in the Maryland House of Correction. A motion for a new trial was denied on 5 April 1967. An appeal from the judgment was noted but dismissed by the applicant on 3 May 1967. The petition under the U.P.C.P.A., filed 3 July 1967, presented fourteen allegations of error. It appears that three additional allegations were presented at the hearing. These seventeen allegations, in substance, pertained to the following matters:

(1) The legality of the refusal of the magistrate to issue a warrant at the request of the applicant for the com-

plaining witness's arrest and the subsequent indictment of the applicant by the Grand Jury.

(2) The right to a preliminary hearing.

(3) The failure to give the Miranda warnings.

(4) The dismissal, in error, by the prosecution of a witness summoned by the defense.

(5) The complainant, who wanted to withdraw the charges against the petitioner, was advised not to do so by the State's Attorney, who told him that it might jeopardize his parole status.

(6) The jury did not consider testimony of defense witnesses.

(7) The complainant's testimony should have been stricken from the record.

(8) The complainant's testimony should have been impeached and the credibility of this testimony should have been brought before the jury by reason of his previous confinement in a mental hospital.

(9) There was contradictory testimony of State's witnesses.

(10) The evidence was insufficient to convict.

(11) The failure of the judge to instruct the jury as to the seriousness of the charge.

(12) A finding of guilt was based on reputation rather than the evidence.

(13) The judge made prejudicial remarks.

(14) His trial counsel was incompetent.

(15) His trial counsel had a conflict of interest.

(16) The jury saw pictures not introduced into evidence.

(17) The petitioner was denied due process and equal protection of the laws.

The application does not contain a statement of the reasons why the order should be reversed or modified as required by Md. Rule BK 46b, and may be denied on this ground. *Goetzke v. Warden,* 1 Md. App. 3.

It appears from the memorandum of Judge Rutledge accompanying the order that the applicant, at the hearing, pursued seven of these allegations—numbers three, four, ten, thirteen,

fourteen, fifteen and sixteen. It may be that the applicant thus abandoned the remaining allegations, and, if so, it would have been better for the hearing judge affirmatively so to state in his memorandum. But in any event we find no merit in any of the allegations and dispose of them without remand to avoid useless further consideration thereof. See *Duff v. Warden,* 234 Md. 646.

## (1) and (2)

The applicant alleged in his petition that he first "confronted" the magistrate to obtain a warrant for the arrest of the prosecuting witness. The magistrate refused to issue the warrant but did issue a warrant at the request of the prosecuting witness for the arrest of the applican. The matter was apparently taken before the grand jury without a preliminary hearing and the applicant was indicted. The magistrate's refusal to issue a warrant for the arrest of the prosecuting witness is no ground for post conviction relief, and there is no requirement that a preliminary hearing be held. *Ross v. Warden,* 1 Md. App. 46.

## (3)

Judge Rutledge found that no statement or confession given by the applicant was introduced in evidence at the trial. Therefore *Miranda v. Arizona,* 384 U.S. 436, is not applicable. *Crosby v. State,* 2 Md. App. 578.

## (4)

The State did not contest that a witness summoned by the applicant was erroneously dismissed by the State's Attorney. The hearing court found, however, that when the applicant learned of this he decided, after consultation with his counsel, not to ask for a continuance but to proceed without the witness. The applicant cannot now complain. Further, the hearing court found that the testimony of the witness would have been merely cumulative.[1]

---

1. A summons had been issued for the appearance of the witness at the post conviction hearing. The summons was returned *non-est* and it was reported that he had "suddenly left the State before the summons was served." Counsel for the applicant at the hearing had talked to the witness, however, and obtained the substance of his testimony.

### (5)

This allegation affords no ground for relief.

"In general, the law seeks to remedy private and public wrongs. A private wrong, otherwise termed a 'tort' or 'civil injury' is an infringement or privation of the civil rights which belong to individuals, considered merely as individuals. A public wrong or crime is a breach and violation of the public rights and duties to the whole community in its social aggregate capacity. This latter class of wrongs affects the whole community, and not merely individual members of the community, hence, the public good requires the State to interfere and punish the wrongdoer. The punishment imposed for the protection of the public, and not solely because of injury to an individual. The latter must seek redress in a civil action." *Clark and Marshall, Crimes,* 6th Ed., §2.01, p. 88-89.

Unless there is some statutory provision, nothing that is done or agreed upon between the parties after the forbidden act can eradicate its criminal character or prevent the State from prosecuting and punishing the wrongdoer. *Clark and Marshall, supra,* p. 92. Thus the contention, even if assumed true, would not have prevented the State from prosecuting on the indictment and summoning the victim as a prosecution witness. There was nothing that the complainant could have done about having the charges dropped at that stage, because the proceedings were beyond his power to dismiss.

### (6), (9), (10) and (12)

These allegations go to the weight and sufficiency of the evidence and cannot be raised in post conviction procedures. *Montgomery v. Warden,* 1 Md. App. 30.

### (7), (8) and (14)

These bald allegations appear to go to the question of the competency of counsel. Judge Rutledge stated, "His attorney succeeded in having dismissed the charge of assault with intent to maim; he was found guilty only of simple assault. His attorney made all possible motions, cross-examined extensively,

and to the knowledge of the Court, did not leave undone what he ought to have done. In fact, after his conviction, the petitioner wrote to the Clerk of the Court in dismissing an appeal, 'Mr. K. (his attorney) has conferred with me and advised me of my rights. I am quite satisfied with him and he has capably handled my trial in this matter and this position. I have no complaints with him whatsoever.' " We find these allegations to be without merit. See *Johns v. Warden,* 240 Md. 209.

### (11)

There is no contention that the instruction set forth, even if it would have been proper, was requested. See Md. Rule, 756. The regularity of the proceedings at trial may be reviewed on direct appeal if properly preserved, but not in a collateral proceeding. *Matthews v. Warden,* 223 Md. 649; *Ross v. Warden, supra.*

### (13)

The applicant alleged that the trial judge called the defendants "bullies" and "hoodlums". Judge Rutledge found that the allegation was not supported by the evidence. The applicant's counsel testified that he recalled the judge making such remarks but at the time of sentencing, not during the course of the trial. The allegation is without merit.

### (15)

Judge Rutledge held that this allegation was without merit. He found that counsel at the trial represented both the applicant and his 19 year old brother, a co-defendant, but that counsel maintained that neither defendant was guilty and that only after the verdict urged more leniency "was indicated for the younger brother, both because of his age and also because the petitioner had a sizable criminal record which his younger brother did not have." We agree with the hearing judge that no conflict of interest was shown nor do we find any prejudice to the applicant. The mere representation of two defendants by one counsel does not, of itself, establish a conflict of interest. *McCoy v. Warden,* 234 Md. 616.

### (16)

From evidence produced at the hearing it appeared that one

or two pictures were offered in evidence. The applicant thought that other pictures were seen by the jury but did not know which ones were in evidence and which were not. His attorney did not remember any pictures not in evidence being seen by the jury. The allegation is not sufficient to afford relief.

(17)

That the applicant was denied due process and equal protection of the laws is a bald allegation of denial of constitutional rights without specification. It therefore affords no grounds for relief. *Ross v. Warden, supra.*

*Application denied.*