## RONALD HARRY SMITH *v.* WARDEN, MARYLAND PENITENTIARY

[No. 144, September Term, 1967.]

 

 
 
 

 

 

*Decided July 15, 1968.*

552

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

Ronald Harry Smith seeks leave to appeal from the denial of relief under the Uniform Post Conviction Procedure Act by Judge T. Hunt Mayfield, presiding in the Circuit Court for Howard County, after an evidentiary hearing at which he was represented by appointed counsel.

The applicant was convicted by a jury in the Circuit Court for Howard County of first degree murder on 4 June 1966. A life sentence was imposed. He did not appeal from the judgment. On 10 July 1967 he filed a petition for relief under the U.P.C.P.A. in which he presented eight allegations, which in substance were as follows:

1) that he did not receive a fair trial because of unfavorable publicity through newspapers and other news media, and that the Judge was prejudiced.

2) that the State's Attorney had made certain remarks in his opening statement to the jury which were not borne out by the evidence and which prejudiced the jury.

3) that the court erred in allowing photographs of the deceased victim to be admitted into evidence.

4) that the court should have granted a separate jury trial on the question of his insanity; that the issue of insanity, as well as the issue of guilt or innocence, were both submitted to the same jury, which jury, in determining his guilt, had overlooked the issue of insanity.

5) that the Director of Clifton T. Perkins Hospital and the representative of the Department of Mental Hygiene were prejudiced in their testimony.

6) that the evidence admitted at his trial was obtained through illegal search and seizure and was, therefore, improperly admitted into evidence.

7) that the court erroneously admitted into evidence his confession in the absence of proper warning, contrary to the rule of *Miranda v. Arizona,* 384 U. S. 436.

8) that the Anne Arundel County Police Department had withheld pertinent information, which if presented, would have been sufficient to have placed considerable doubt on the reliability of certain witnesses.

The application for leave to appeal does not contain a statement of the reasons why the order should be reversed or modified as required by Md. Rule BK46b, and may be denied on this ground alone. *Goetzke v. Warden,* 1 Md. App. 3. In any event, the allegations provide no grounds entitling the applicant to relief.

The first, second, third, fifth, sixth and seventh allegations are deemed to have been waived as they could have been raised on direct appeal, there being no special circumstances shown to excuse the failure to raise them and the presumption that the applicant intelligently and knowingly failed to make them not being rebutted. Md. Code, (1967 Repl. Vol.) Art. 27, § 645A(c). Section 645A(d) is not applicable. Also the first, second and fifth allegations are made without adequate specification and as bald allegations afford no grounds for relief. *Ross v. Warden,* 1 Md. App. 46. With further regard to the sixth allegation a contention as to illegal search and seizure is properly raised on direct appeal and failure to take such appeal precludes it from being raised in a post conviction procedure. *Archer v. Director,* 1 Md. App. 18. With further regard to the seventh allegation the applicant's trial commenced on 31 May 1966. *Miranda v. Arizona,* 384 U. S. 436, is applicable only to cases the trial of which began after 13 June 1966. *Johnson v. New Jersey,* 384 U. S. 719; *Boone v. State,* 3 Md. App. 11.

With regard to the fourth allegation the docket entries show the verdict of the jury to have been: "Guilty of Murder in the first degree, Sane now and Sane at the time of the Commission of the crime." The applicant was not entitled to a separate jury trial on the issue of insanity. See Md. Code, (1964 Repl. Vol.) Art. 59, § 7; [1] *McCracken v. State,* 2 Md. App. 716.

---

1. Chapter 709, Acts 1967, which repealed former §§ 7-12 and enacted new §§ 7-12 in lieu thereof is applicable to all cases tried or scheduled for trial on and after 1 June 1967. We think that under both the former and present statute the jury trying the case also determines the issue of insanity properly before it.

With regard to the eighth allegation, "[W]hile a claim of suppression by the State of evidence tending to exculpate a defendant is a ground for relief under the Act, there remains the requirement that petitioner set out statements of fact which support the allegation and which he intends to prove at the hearing." *Tucker v. Warden*, 243 Md. 331, 333. Such was not done either in the lower court or in the application for leave to appeal.

*Application denied.*