WARNER WALTER HILL *v.* DIRECTOR,
PATUXENT INSTITUTION

[No. 168, September Term, 1967.]

*Decided July 26, 1968.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and
THOMPSON, JJ.

PER CURIAM.

The application of Warner Walter Hill for leave to appeal
from an order of Judge Shirley B. Jones, sitting in the Criminal
Court of Baltimore, denying relief prayed in the applicant's first
petition under the Uniform Post Conviction Procedure Act is
denied for the reasons stated in the memorandum opinion of
Judge Jones.

We note, however, that Judge Jones stated: "In order to ob-
tain relief under the complaint of incompetency of counsel, it
must be established that counsel's representation was so inade-
quate as to amount to a farce and no representation at all,"
citing *Waller v. Director,* 244 Md. 229. This Court said, in
*Green v. Warden,* 3 Md. App. 266, 269:

> "Although this was the former rule in Maryland, the
> Court of Appeals has expanded this rule in *Slater v.*

*Warden,* 241 Md. 668, so as to give a more comprehensive definition to that rule. The more preferable rule now is that counsel is incompetent when under all the circumstances of the particular case the petitioner has not been afforded 'a genuine and effective representation'. *Turner v. State,* 303 F. 2d 507 (4th Cir. 1962) ; *Turner v. State,* 318 F. 2d 852 (4th Cir. 1963) ; *Slater v. Warden, supra; Jones v. Warden,* 244 Md. 720; *Nash v. Warden,* 243 Md. 700. This is the rule that is now being followed by the Maryland Court of Special Appeals. *Groh v. Warden,* 1 Md. App. 674; *Charles v. State,* 1 Md. App. 222; *Norris v. Warden,* 1 Md. App. 69; *Cherrix v. Warden,* 1 Md. App. 65".

Even under this more comprehensive rule, we do not find, on the record before us, that the trial counsel for the applicant was incompetent.

*Application denied.*