## JAMES THOMAS *v.* WARDEN, MARYLAND HOUSE OF CORRECTION

[No. 139, September Term, 1968.]

*Decided June 16, 1969.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*James F. Garrity* for applicant.

*Francis B. Burch, Attorney General,* and *William Parsons Fennell, State's Attorney for Kent County,* for respondent.

THOMPSON, J., delivered the opinion of the Court.

This is an application for leave to appeal by James Thomas from an order by Judge B. Hackett Turner, Jr. of the Circuit Court for Kent County, denying Thomas' first petition under the Uniform Post Conviction Procedure Act. This Court's opinion on appeal from the original conviction is reported in *Thomas v. State,* 3 Md. App. 708, 240 A. 2d 646. Thomas, in his application for leave to appeal, contends that:

(1) he was denied a speedy trial;

(2) he was prejudiced by the State's Attorneys' informing the jury of his prior convictions;

(3) he was prejudiced because the jury was allowed to take the indictment into the jury room during their deliberation;

(4) his pretrial lineup was not fair and impartial;

(5) the evidence was not sufficient to support the verdict;

(6) his trial counsel was incompetent.

—1—

Speedy Trial

Thomas was arrested on September 7, 1966 and re-

leased on bail on December 16, 1966. Indictments were presented against him on February 9, 1967; he was convicted by a jury of uttering five checks on April 18, 1967. At no time during this period did Thomas ask for a speedy trial. This contention is but a bald allegation as there is nothing in the record to show that he made any effort for an earlier trial, or that he was in any way prejudiced. The lapse of time, of itself, was not sufficient to show the denial of a speedy trial. *Graham v. State,* 6 Md. App. 458, 251 A. 2d 616.

—2—

### Prior Conviction

When Thomas took the stand and testified at his trial, he was cross-examined by the State's Attorney as to his prior convictions. By taking the stand, Thomas placed his character in issue and could then be questioned by the State's Attorney as to his previous criminal convictions. *Minor v. State,* 6 Md. App. 82, 88, 250 A. 2d 113.

Thomas cites *Burgett v. Texas,* 389 U. S. 109, 88 S. Ct. 258, 19 L.Ed.2d 319 to support his contention, alleging that the state did not establish that he had counsel at the prior trials. A reading of *Burgett, supra* will show that the prior convictions in that case were declared void because Burgett had not been represented by counsel at those previous trials. See *Suggs v. State,* 6 Md. App. 231, 235, 250 A. 2d 670 and *Brown v. State,* 4 Md. App. 623, 244 A. 2d 471. There is no allegation or testimony that Thomas was not represented by counsel at the prior trials. The mere fact that the state did not affirmatively establish that fact at the trial in question does not constitute grounds for post conviction relief.

—3—

### Indictment

This Court has held that it is not improper for the jury to take the indictment in the jury room for their deliberations, *Darby v. State,* 3 Md. App. 407, 411, 239 A. 2d 584.

—4—

## Lineup

Thomas contends that the State, at his trial, did not establish first, before the State elicited an in-court identification and testimony pertaining to the result of a lineup, that it had been conducted fairly and impartially. In testimony he alleged:

"A. Well the lineup I was placed in with two young boys, one eighteen and one nineteen. The other fellow was around sixty-eight and myself. The boys were born and raised here in the city and the other fellow had been here around thirty-five years so I'm the only stranger in the lineup.

"Q. Where are you from?

"A. Baltimore. I was the only stranger in the lineup that wasn't known by pretty near everybody in town.

"Q. How many were in the lineup, if you recall?

"A. There were four.

"Q. And how old are you, Mr. Thomas?

"A. I'm forty-four.

"Q. Then at that time you were forty-two. Is that correct?

"A. Yes sir."

The hearing judge did not decide whether the lineup procedures had been fair but discussed the identification of Thomas by the several eyewitnesses. The contention did not deal with the sufficiency of the identification but the fairness of the lineup; therefore, the case must be remanded for a finding on this point. Although the lineup involved was conducted prior to June 12, 1967, and therefore *United States v. Wade*, 388 U. S. 218, 87 S. Ct. 1926, 18 L.Ed.2d 1149, is not applicable insofar as the presence of counsel is concerned, *Stovall v. Denno*, 388 U. S. 293, 87 S. Ct. 1967, 18 L.Ed.2d 1199; nevertheless, the

constitutional right to a fair lineup antedated *Wade,* see *Reeves v. State,* 3 Md. App. 195, 238 A. 2d 307, *Rath v. State,* 3 Md. App. 721, 240 A. 2d 777.

## —5—

## Sufficiency of the Evidence

Sufficiency of the evidence [1] to sustain the conviction is not considered on post conviction, *Booth v. Warden,* 3 Md. App. 480, 484, 240 A. 2d 352.[2]

## —6—

## Incompetency of Counsel

In determining competency of counsel, the hearing judge applied the older standard saying counsel was not "so deficient as to make a farce out of the trial" instead of the newer standard which we discussed in full in *Green v. Warden,* 3 Md. App. 266, 269, 238 A. 2d 920. This standard requires that counsel shall afford the accused "genuine and effective representation." The hearing judge will, of course, on the remand, make a determination under the correct standard.

> *Application granted and case remanded for further proceedings in accordance with this opinion.*

---

1. In Thomas' appeal to this Court, the issue of sufficiency was also finally litigated, *Thomas v. State, supra.*

2. At his hearing, Thomas maintained that the State took handwriting exemplar from him but withheld the results. It should be pointed out that Thomas was convicted of uttering and not of forgery. Whether or not he personally forged the instruments is of no consequence.