# STATE OF MARYLAND *v.* ALONZO CLAY PRICE

[No. 136, September Term, 1968.]

*Decided June 16, 1969.*

Before MURPHY C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* for applicant.

*Alonzo Clay Price pro se.*

.

PER CURIAM.

On November 4, 1966, Alonzo Clay Price was convicted of robbery with a deadly weapon after a court trial (Prendergast, J. presiding) in the Criminal Court of Baltimore. He was sentenced to not more than ten (10) years in the Maryland Correctional Institution. Following denial of his motion for a new trial, he filed an appeal to the Court of Special Appeals of Maryland. The sole question raised on appeal was sufficiency of the evidence to sustain the conviction. Specifically he complained as to the sufficiency of his identification as one of the participants in the robbery. On November 27, 1967, the Court of Special Appeals, in a per curiam opinion, affirmed his conviction. *Price v. State*, No. 47 September Term, 1967 (unpublished). He filed a petition under the Uniform Post Conviction Procedure Act on March 13, 1968, in which he raised the following contentions:

1. The eye-witness identification was invalid and improper.
2. The defendant was never placed in a lineup.
3. The defendant was not identified by the victim until the time of the second trial.[1]
4. The statement which was used at the first trial was not used at the second trial.
5. The defendant was never shown a warrant.

A hearing was held on June 25, 1968 before Judge Harry A. Cole in the Criminal Court of Baltimore at the conclusion of which the court, in a written opinion filed December 30, 1968, ordered that Price be granted a new trial. In granting Price a new trial the lower court considered only Price's third contention, namely, that he was not identified by the victim until the time of his second trial. Judge Cole in his opinion stated that he had reviewed the transcript of the testimony of Mr. Irvin Mc-

---

1. Appellant was originally convicted of armed robbery in a court trial (Sodaro, J.) on September 21, 1965, but his conviction was set aside following the decision in *Schowgurow v. State*, 240 Md. 121.

Farland, the prosecuting witness, given at Price's first trial, and found, as a fact, that nowhere did the prosecuting witness identify Price as his assailant. He therefore ordered a new trial, citing *United States v. Wade,* 388 U. S. 218 as his authority.

The State filed its application for leave to appeal on January 22, 1969. In its application for leave to appeal the State raised three contentions:

A. "That the lower Court made an erroneous conclusion of facts based on its failure to review the entire record of the first trial in which the Petitioner was obviously convicted on the testimony of an independent witness (James Bean) other than the victim (Irvin McFarland).

B. "That the lower Court improperly substituted its judgment as to the weight of the evidence for that of the trial Court in the second trial.

C. "If, under the circumstances of this case, there exists a taint upon the in-court identification at the second trial, such a matter is for judicial proof and not abstract assumption, with the burden of carrying such proof being upon the Petitioner. *State v. Hardy,* 2 Md. App. 150."

We are of the opinion that the lower court erred in granting applicant Price a new trial based on any inconsistent testimony given by the prosecuting witness at his first and second trials. Price was represented by competent counsel at both his first and second trials as well as on direct appeal to this Court. The prosecuting witness testified at both Price's first and second trials. If there were any inconsistencies in his testimony such inconsistencies were for the trier of the facts to determine. The trial court heard all of the evidence and found Price guilty under the first count (robbery with a deadly weapon). On appeal, the sole question raised was to the

sufficiency of the identification of Price as one of the participants in a robbery. This Court affirmed his conviction.

The sufficiency of the evidence to sustain the conviction is not to be considered in a post conviction procedure. *Booth v. Warden,* 3 Md. App. 480, 240 A. 2d 352; *Gullion v. Warden,* 3 Md. App. 263, 239 A. 2d 140. It should have been and was raised on direct appeal.

Moreover, *United States v. Wade, supra,* has no application to these proceedings. *Wade* was decided June 12, 1967, and held that the accused was entitled to counsel at a post-indictment lineup since it was a critical confrontation by the prosecution at pre-trial proceedings. It was held not to be retroactive. *Stovall v. Denno,* 388 U. S. 293. Applicant's second trial took place November 4, 1966, some six months prior to *Wade.*

The order awarding Alonzo Clay Price a new trial will therefore be reversed.

Since the lower court only considered Price's third contention raised on post conviction, we have considered the remaining four contentions and find no merit in any of them. Contention one was for the trial court to decide. Under contention two there was no requirement on the part of the State that Price be placed in a lineup. Contention four, that a statement used at the first trial was not used at the second trial, has no merit; nor has contention five that defendant was never shown a warrant, since it has no bearing on the legality of his conviction.

> *Application granted; and order awarding a new trial reversed.*