ANTHONY VERNON, JR. *v.* WARDEN,
MARYLAND PENITENTIARY

[App. No. 140, September Term, 1970.]

*Decided March 8, 1971.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH,
THOMPSON, MOYLAN, and POWERS, JJ.

*Anthony Vernon, Jr.,* in proper person.

*Francis B. Burch, Attorney General,* and *Samuel A. Green, Jr., State's Attorney for Baltimore County,* for respondent.

ORTH, J., delivered the opinion of the Court.

On 6 July 1970 Anthony Vernon, Jr., was found guilty by a jury in the Circuit Court for Baltimore County of robbery with a deadly weapon and sentenced to imprisonment for 18 years. He noted a direct appeal from the judgment on 4 August and on petition was authorized to prosecute the appeal as an indigent. Counsel was appointed for him. The appeal is pending before this Court. *Vernon v. State*, No. 495, September Term, 1970. It has not as yet been argued.

On 3 August, however, Vernon filed a petition in proper person collaterally attacking the judgment under post conviction procedures. The State answered the petition on 18 August. By order of 16 September the Circuit Court for Baltimore County denied the relief prayed in the petition and included in the order was a memorandum opinion. It stated:

> "Now in this Petition, the Petitioner raises allegations that his constitutional rights have been violated. The Court has reviewed these allegations and finds them to be wholly without merit. They are bold [sic] allegations of a denial of constitutional rights unsupported by facts. *Matthews v. Warden*, 223 Md. 649; *Thornton v. Warden*, 241 Md. 715; *Green v. Warden,* 3 Md. App. 266. Such allegations afford no grounds for Post Conviction Relief, *Smith v. Warden*, 4 Md. App. 550.
>
> For the reasons so stated the Petition for Post Conviction Relief is denied."

Applicant applies for leave to appeal from the order denying relief.

We can reach no other conclusion from the record before us than that the order was issued without first having a hearing at which applicant was represented by counsel. As the petition was applicant's first under the Uniform Post Conviction Procedure Act, this was pa-

tently wrong. A hearing on the petition was mandatory and applicant was entitled to the assistance of counsel thereat regardless of the merit of the contentions. If he was indigent, counsel had to be appointed for him. Maryland Rules BK42 and 44. We have consistently so held. *Franklin v. Warden,* 8 Md. App. 395.

We point out that by ch. 595, Acts 1970, effective 1 July 1970, amending Code, Art. 27, § 645A (e), an exception was added to the provision that a petition for relief under post conviction procedures may be filed at any time. The exception is: "* * * where an appeal has been taken from the judgment of conviction to the Court of Appeals or Court of Special Appeals, it shall not be necessary to appoint counsel or conduct a hearing or take any action whatsoever on the petition, until the judgment of conviction becomes final in the court to which appeal was taken." This simply gives the lower court the option, when a direct appeal is pending, to dispose of the petition under appropriate post conviction procedures, or to postpone all action thereon until the judgment of conviction becomes final as stated. If the lower court chooses to dispose of the petition before such determination of the direct appeal, it does not obviate the necessity of conducting a hearing at which the petitioner is entitled to the assistance of counsel if such hearing and representation would otherwise be required.

*Application granted; order denying r e l i e f vacated; case remanded for further proceedings.*