466 A.2d 66

**Daniel N. BOONE**

v.

**STATE of Maryland.**

**No. 20, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

Oct. 13, 1983.

Bruce L. Marcus, College Park, for appellant.

Stephen H. Sachs, Atty. Gen. with whom was Arthur A. Marshall, Jr., State's Atty. for Prince George's County, for appellee.

Submitted before GILBERT, C.J., and ADKINS and BLOOM, JJ.

## APPLICATION FOR LEAVE TO APPEAL
## (GUILTY PLEA)

BLOOM, Judge.

On August 3, 1983, applicant, Daniel N. Boone, pled guilty in the Circuit Court for Prince George's County to a charge of assault and battery. Unhappy with the resulting sentence, he now seeks to have his guilty plea vacated.

Prior to July 1 of this year, Md.Cts. & Jud.Proc.Code Ann. § 12–301 would have permitted applicant to take a direct appeal from the judgment. The General Assembly, however, via Ch. 295, Laws of 1983, has added a new subsection (e) to § 12–302 of that article. The statute now provides:

> (e) Section 12–301 does not permit an appeal from a final judgment entered following a plea of guilty in a circuit court. Review of such a judgment shall be sought by application for leave to appeal.

To implement this change in the law, the Court of Appeals adopted Md.Rule 1096. That rule directs that an application for leave to appeal from judgment entered on a guilty plea must be filed within thirty days from the entry of the judgment. Subsection a 2 mandates that the application "shall contain a concise statement of the reasons why the judgment should be reversed or modified, and shall include a list of the errors allegedly committed by the lower court."

**10**

Since Rule 1096 has been only recently enacted, there are no prior decisions interpreting its requirements. Thus, it is necessary to examine the case law involving other rules with similar requirements.

Rule BK46 concerns applications for leave to appeal from post conviction proceedings. Such applications "shall contain a brief statement of the reasons why the order should be reversed or modified." Rule BK46. In interpreting that rule, this court has determined that bald allegations, made without adequate specification, afford no grounds for relief. *Smith v. Warden,* 4 Md.App. 550, 243 A.2d 897 (1968); *Hess v. State,* 4 Md.App. 508, 243 A.2d 651 (1968); *Ross v. Warden,* 1 Md.App. 46, 227 A.2d 42 (1967); *Norris v. Warden,* 1 Md.App. 69, 227 A.2d 248 (1967); *Goetzke v. Warden,* 1 Md.App. 3, 226 A.2d 361 (1967). For example, in *Hess v. State, supra,* the applicant alleged, *inter alia,* that he had been "denied due process and equal protection of the laws." *Id.* 4 Md.App. at 511, 243 A.2d 651. The court, in denying the application, characterized the claim as "a bald allegation of denial of constitutional rights without specification. It therefore affords no grounds for relief. . . ." *Id.* at 515, 243 A.2d 651 (citation omitted).

Rule 1094, which formerly governed applications for leave to appeal in defective delinquency proceedings, also contains language which is highly similar to that contained in Rule 1096. "The application shall contain a concise statement of the reasons why the order should be reversed or modified, and shall include a list of the errors allegedly committed by the lower court." Rule 1094 a 2(a). In *Faulkner v. Director,* 230 Md. 632, 187 A.2d 473 (1963) the Court of Appeals was faced with an application pursuant to former Rule 894.[1] Among the contentions facing the Court were the following:

---

1. Prior to the creation of this court, appeals from defective delinquency proceedings were heard by the Court of Appeals. Former Rule 894, which governed applications for leave to amend, contained provisions which were substantially identical to those now found in Rule 1094.

4. Erroneous and prejudicial testimony was given by Dr. Harold M. Boslow with respect to my record of prior convictions.

5. The State's Attorney made improper and highly prejudicial statements to the jury not consistent with the evidence.

6. That all or a majority of the evidence used against your petitioner was hearsay and inadmissible, no opportunity was given to cross-examine individuals who made up the report.

*Id.* at 633, 187 A.2d 473.

The Court determined that these contentions were too general in nature and "amount[ed] to no more than bald allegations of the applicant's conclusions." *Id.* at 634, 187 A.2d 473.

The terms "concise statement of the reasons" and the "list of the errors," as here used, mean just what they say, and require a brief statement of facts setting forth the reasons why the order should be reversed or modified, and a list of the alleged errors committed by the trial court; and these requirements are not fulfilled by a mere statement of the conclusions of the applicant. For example, contention (4) should have given a concise statement of the alleged "erroneous and prejudicial" testimony of Dr. Boslow; contention (5) should have briefly summarized the "improper" statements of the State's Attorney; and (6) should have succinctly pointed out the "hearsay and inadmissible" evidence.

*Id.* at 634, 187 A.2d 473 (footnotes omitted).

Likewise, a contention that "the State was permitted to conduct an inflammatory argument to the jury concerning the applicant's recent criminal conviction" was characterized as "a mere conclusion without any statement of supporting fact and is insufficient, Md.Rule 894 a 2. . . ." *Washington v. Director,* 237 Md. 311, 313, 206 A.2d 244 (1965). *See also, Johnson v. Director,* 243 Md. 708, 222 A.2d 248 (1966); *Isaacs v. Warden,* 243 Md. 687, 221 A.2d 83 (1966); *Gilliard v.*

*Director,* 237 Md. 661, 207 A.2d 650 (1965); and *Fairbanks v. Director,* 237 Md. 447, 206 A.2d 699 (1965).

■ In dealing with the content requirements of Rule 1096, we adopt the reasoning contained in the above mentioned cases. Thus, for an application for leave to appeal from a judgment entered pursuant to a guilty plea to be sufficient, it must contain a brief statement of facts setting forth the reasons why the order should be reversed or modified. In addition, a list of the alleged errors committed by the trial court must be included in the application. Bare conclusions of the applicant's positions will not suffice and will instead result in a denial of the application.

■ In the case at bar, the applicant makes the following contentions: (1) that the court erred in accepting the guilty plea; (2) that the plea was not knowingly, intelligently and voluntarily made; and (3) that the plea does not conform to the requirements of *Countess v. State,* 286 Md. 444, 408 A.2d 1302 (1979). These contentions are of no assistance to the court in its decision whether to grant leave to appeal. Rule 1096 a 2 requires more than bald allegations of error; it necessitates a concise statement of reasons rather than a mere recital of conclusions.

APPLICATION FOR LEAVE TO APPEAL DENIED.