# JOHNS *v.* STATE

[No. 137, September Term, 1959.]

*Decided February 16, 1960.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND and HORNEY, JJ.

*Dallas F. Nicholas,* with whom was *William I. Gosnell,* on the brief, for the appellant.

The Court declined to hear argument for the appellee.

*C. Ferdinand Sybert, Attorney General, Joseph S. Kaufman, Assistant Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *Joseph G. Koutz, Deputy State's Attorney for Baltimore City,* on the brief, for the appellee.

PER CURIAM.

Franklin Johns, the appellant, and Herman Brown, who did not appeal, were found "guilty generally" by the court, sitting without a jury, of breaking and entering a storehouse and stealing therefrom seventy cartons of cigarettes, approximately $150 in cash and a portable radio following the entry of a "not guilty" verdict of receiving stolen property. Motions for a directed verdict were twice denied. The appeal is from the court's refusal to grant the motion at the conclusion of the case. The contention is that on the evidence the court should have convicted the appellant of receiving instead of statutory burglary and larceny.

Two Baltimore police officers on routine patrol saw two men—later identified as the defendants—place a large carton in the trunk of an automobile parked in an alley adjacent to the burglarized store. As the police car approached, the two men hurried into the automobile—owned by Johns but operated by Brown on this occasion—and drove away at high speed with the police in close pursuit. After a chase through the city streets, the suspects stopped their automobile and

fled on foot but were promptly apprehended. A subsequent inspection of the premises revealed that the herein described property was missing. The seventy cartons of cigarettes were found in the automobile from which the defendants fled, but neither the radio nor the cash—other than small amounts —was found in the possession of the defendants. A bottle of soda and a warm hamburger were also found in the automobile. The defendants, in denying they broke into the store, claim that Brown had been told by someone, who was not produced, that he could pick up some cigarettes on the lot behind the store. Both insisted that Johns, who claimed he knew nothing about the cigarettes, had gone to purchase the soda and sandwich while Brown was picking up the cigarettes and that Johns was just returning when the police arrived.

Since a review by this Court of nonjury cases is limited by Maryland Rule 741 c, a verdict may be set aside only in those cases where the evidence is such as shows that the trial court was clearly erroneous. "The appellate court need not be convinced beyond a reasonable doubt in order to sustain a conviction." *Berry v. State,* 202 Md. 62, 67, 95 A. 2d 319, 321 (1953). On the record we cannot say that the trial court was clearly in error in finding the appellant guilty of statutory burglary and larceny instead of receiving stolen property. While the trial court might have believed the defendants' story as to what had taken place preceding the chase, it was, of course, not clearly erroneous in failing to do so. The fact that the stolen radio and cash were not in the automobile and that the soda and sandwich were found therein, were merely elements of fact for the court to consider. There was no reason why the court should not find, as it did on all of the evidence, including the inference which may be drawn from the possession of recently stolen property, that the guilt of the defendants was established beyond a reasonable doubt. *Felkner v. State,* 218 Md. 300, 146 A. 2d 424 (1958); *Debinski v. State,* 194 Md. 355, 71 A. 2d 460 (1950).

The finding of "not guilty" on the receiving count was

proper since the elements of that offense and larceny, with which the appellant was also charged, are inconsistent and when the court finds one guilty of the latter, it must necessarily find him not guilty of the former. *Bell v. State,* 220 Md. 75, 150 A. 2d 908 (1959).

*Judgment affirmed.*