MILLER *v.* STATE

SLATER *v.* STATE

(Two Appeals in One Record)

[No. 31, September Term, 1960.]

*Decided November 7, 1960.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Clement R. Mercaldo* for Collins Miller, one of the appellants.

*Nathan Stern* for Warner Slater, the other appellant.

*James H. Norris, Jr., Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *Norman Polski, Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

The appellants (Collins E. Miller and Warner Slater) were convicted of two armed robberies by the court sitting without a jury. Each of the appellants contends that the evidence was insufficient to convict him of the crimes charged.

In the evening of November 24, 1959, the same parties committed two robberies with a deadly weapon within an hour and a half. At about 7 o'clock the first robbery was perpetrated in a drugstore where $400, including some wrapped nickels and pennies, was stolen. The owner was able to identify Sylvester Miller (who was shot and killed as he fled from the scene of the second robbery) and Warner Slater as the actual holdup men. One of them pulled a mask—a lady's silk stocking—over his head in the store. The other did not. While Collins Miller was not specifically identified by any witness, there was evidence that three men were seen running from the scene of the first robbery; and there was further evidence that an automobile registered in his name and found near the scene of the second robbery contained a number of rolls of coins wrapped in the same manner as those which were stolen from the drugstore.

At about 8:30 o'clock the owner of a liquor store was robbed of his wallet containing a $20 bill and identification papers and $200 in bills and coins. The owner was unable to identify either of the holdup men because their heads were obscured with silk stocking masks, but the police officers who pursued the robbers as they fled were able to make identifications. One officer positively identified the two holdup men as Sylvester Miller and Collins Miller. Two other officers positively identified Collins Miller and Warner Slater as the two men they were pursuing, and later apprehended, in their flight from the scene of the second robbery. The third man

(Sylvester Miller), who was found dead, had the stolen wallet and its contents on his person.

Both appellants took the stand and denied that they had participated in either of the robberies.

Since there was positive evidence that Warner Slater had participated in both robberies and that Collins Miller had taken a part in the second holdup; and since it was proper to infer— from the nickels and pennies found in his automobile —that Collins Miller had also participated in the first robbery, we think the evidence, if believed, was sufficient to warrant the conviction of both appellants. We, of course, cannot reverse the convictions on questions of evidence unless clearly erroneous, and we do not find that they were. See *Brown v. State,* 222 Md. 312, 160 A. 2d 95 (1960) and *Johns v. State,* 221 Md. 456, 157 A. 2d 926 (1960) [as to the function of this Court under Rule 741 c] ; and *Butz v. State,* 221 Md. 68, 156 A. 2d 423 (1959) [as to the unexplained possession of recently stolen property].

*Judgments affirmed.*