## SLATER *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 25, September Term, 1963.]

*Decided December 12, 1963.*

610

Before the full Court.

HAMMOND, J., delivered the opinion of the Court.

On the evening of November 24, 1959, Warner Slater, the applicant for leave to appeal, along with two other persons, participated in two robberies. The trio, their faces shrouded in silk stockings, held up at gunpoint the owner of a drug store and then the proprietor of a liquor store, making off with some $600.00. One of the fugitives was shot and killed as he fled from the liquor store, and Slater and another, Collins E. Miller, were apprehended by the police.

Slater and Miller were convicted of robbery with a deadly weapon in the Criminal Court of Baltimore, and, on January 15, 1960, were sentenced to twenty years in the Maryland Penitentiary for each robbery, the sentences to run consecutively. They appealed to this Court, contending that the evidence was insufficient to convict. We affirmed. *Miller v. State,* 223 Md. 354. Thereafter, Slater petitioned the Baltimore City Court for a writ of habeas corpus, which was refused by Judge Oppenheimer on November 9, 1962. An application for the same writ directed to the United States District Court was denied by Judge Thomsen.

Applicant filed a petition in the Criminal Court of Baltimore under the Uniform Post Conviction Procedure Act, which was denied by Judge Cullen on April 25, 1963. He now seeks leave to appeal.

In his discursive petition Slater listed eight separate grounds for relief, as follows:

1. The Assistant State's Attorney perjured himself by misrepresenting testimony to the Court of Appeals.
2. Petitioner was illegally arrested and his arrest constituted an illegal search and seizure.
3. Evidence was introduced at the trial without proof.
4. The trial court suppressed evidence that was vital to the defense of the Petitioner.

5. The Criminal Court of Baltimore acted in prejudice to the rights of Petitioner when it appointed same counsel to take his appeal of its verdict.
6. Sentence was illegal and obtained in violation of the Fourth, Sixth and Fourteenth Amendments to the Constitution and Articles Nineteen and Twenty-three of the Maryland Bill of Rights.
7. The trial counsel was totally inept.
8. Several police officers and other named prosecuting witnesses who testified at the trial presented perjured testimony, and the Assistant State's Attorney was aware of such perjury.

We have examined the State's brief in Slater's appeal to this Court and find that the presentation of facts in it is substantiated by the record; in addition, it does not differ in any material respect from appellant's statement of facts, and, of course, it was not under oath. Petitioner's allegation of perjury by the lawyer for the State has no merit.

We have said many times that illegality of arrest as such may not be raised effectively in a post conviction proceeding. *Warrington v. Warden,* 222 Md. 601; *Brooks v. Warden,* 218 Md. 650; *Culley v. Warden,* 218 Md. 639. Likewise, the question of the sufficiency of the evidence, which Slater poses in his third and fourth contentions, may not be raised in an application for post conviction relief. *Fisher v. Warden,* 230 Md. 612, and cases cited therein.

Slater's fifth and seventh assertions were rejected by Judge Cullen because they were not supported by the facts; he found that there is "no evidence sufficient to justify the inference that counsel was in collusion with State officials. Any errors counsel may have committed were errors of trial tactics and as such are not reviewable in this proceeding. See *Hall v. Warden,* 224 Md. 662." The sixth allegation is simply a general claim that petitioner's constitutional rights have been violated and is not a sufficient ground for relief. *Faulkner v. Director,* 230 Md. 632; *Matthews v. Warden,* 223 Md. 649; *Hardy v. Warden,* 218 Md. 659.

Petitioner's eighth contention was not sufficiently dealt with below. If we assume, without deciding, that the applicant's

statement that named witnesses gave perjured testimony on material points which the assistant State's attorney knowingly availed himself of, was sufficient to state a charge of participation by the State in the use of perjured testimony, which must be heard and decided, *Meadows v. Warden*, 232 Md. 635, the specifics which the applicant supplies as to the challenged testimony of the witnesses he listed destroy the claims he makes. His allegations come down to no more than pointing out inconsistencies and discrepancies, largely inconsequential and immaterial, in the observation or recollection of those who testified, inconsistencies and discrepancies which the fallibilities of the senses and memory of man make inevitable at almost every trial. Applicant equates claimed unreliability of the testimony with its knowing falsity. His eighth contention will not help him.

*Application denied.*