## SLATER *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 70, September Term, 1965.]

*Decided March 9, 1966.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY, BARNES and MCWILLIAMS, JJ.

MARBURY, J., delivered the opinion of the Court.

Applicant Warner Slater was convicted in the Criminal Court of Baltimore on January 15, 1960, of two charges of armed robbery, and two consecutive sentences of twenty years in the Maryland Penitentiary were resultingly imposed. He was represented at the non-jury trial, before Judge Prendergast, by counsel who had been privately engaged. In his petition to prosecute an appeal as an indigent defendant, Slater cited as one of his reasons for his appeal the alleged incompetency of his trial counsel. Despite this allegation Judge Prendergast assigned his trial counsel to represent him on appeal. On his direct appeal to this Court the only contention was whether *vel non* the evidence used to convict him was sufficient. We found that it was in *Miller and Slater v. State,* 223 Md. 354, 164 A. 2d 715 (1960), and certiorari was subsequently denied by the Supreme Court. *Slater v. Maryland,* 366 U. S. 920 (1961).

On June 13, 1962, Slater made his initial collateral attack upon the validity of his convictions by filing a habeas corpus petition in the Criminal Court of Baltimore. In this petition he raised the point that different counsel should have been appointed for him on his appeal, but with reference to a showing

of prejudice resulting thereby he merely made the bald allegation that he believed there was collusion between his attorney and the trial judge, but offered nothing further in that regard. Relief sought therein was denied by Judge Oppenheimer on November 9, 1962. Prior to Judge Oppenheimer's determination of the merits of Slater's petition for the issuance of the writ, applicant had instituted another habeas corpus proceeding in the United States District Court for the District of Maryland, but said proceeding was dismissed by Chief Judge Thomsen on November 7, 1962, as having been prematurely filed. Applicant's next recourse to the courts occurred on December 3, 1962, in the Criminal Court of Baltimore, with the filing of his first petition under the Post Conviction Procedure Act. The whole of that first petition either alleged (1) that trial counsel was in collusion with the State, or (2) that counsel failed to observe and object to the introduction of perjured testimony which was alleged to be apparent from the large number of discrepancies which existed in the record. After a formal hearing on the merits of that petition, Judge Cullen denied the relief sought on April 25, 1963, and found, in pertinent part, that there was "no evidence sufficient to justify the inference that there was collusion with State officials" on the part of his trial attorney as alleged by the petitioner, and "any errors Counsel may have committed were errors of trial tactics and as such are not reviewable in this proceeding. See *Hall v. Warden,* 224 Md. 662."

On December 12, 1963, leave to appeal from Judge Cullen's ruling was denied by this Court in *Slater v. Warden,* 233 Md. 609, 195 A. 2d 675 (1963). Subsequent to the filing of his first application for leave to appeal, but prior to the decision reached therein, Slater filed his second petition for habeas corpus relief in the District Court, but this was denied by Chief Judge Thomsen on September 19, 1963, for failure to exhaust State remedies.

Following the adverse ruling by this Court, applicant Slater, his head bloodied but unbowed, filed his third habeas corpus petition in the District Court. An evidentiary hearing was conducted and on September 25, 1964, Chief Judge Thomsen rendered an unreported opinion in which he discussed the sev-

eral issues raised in that petition and concluded by "postponing further action in this case until petitioner shall have filed and prosecuted a further proceeding in the State Courts under the PCPA, requesting that the adequacy of the representation by his trial counsel be determined by the same tests which would have been applied on direct appeal from the convictions." Germane parts of Judge Thomsen's opinion appear below, beginning with the sixth contention urged by applicant in the District Court, which was considered by that court to be the only complaint upon which relief might conceivably be predicated.

> "(6) That petitioner's trial counsel was incompetent, and that the Criminal Court of Baltimore City acted in prejudice to the rights of petitioner when it appointed same counsel to take his appeal of its verdict.
> \* \* \*

> "Point (6) presented a more serious problem. The testimony taken in the PCPA proceeding, which was written up and delivered to this Court after the hearing herein, together with the testimony taken at that hearing, indicates that petitioner was represented at his trial by an attorney who had been admitted to the bar two months before the trial and had actively solicited employment by petitioner and other defendants in the Baltimore City Jail. The testimony indicates that he may have been less active in seeking witnesses, although that question should be more fully developed by investigation and additional evidence.

> "Petitioner says that he was dissatisfied with his counsel during the trial and told him so; counsel denies this. Petitioner did not bring the matter to the attention of the trial judge before sentence, but he was not afforded the right of allocution.

> "The discussion of a possible motion for new trial may or may not have been perfunctory, and it does not appear whether or not counsel discussed a possible appeal with his client.

> "Petitioner filed his own order for appeal. On the

Petition to Prosecute on Appeal as an Indigent Defendant, he gave as one of his reasons for the appeal: 'Counsel was incompetent.' Nevertheless, the Court appointed the trial counsel to represent petitioner on appeal. Petitioner did not specifically request other counsel, and presumably the trial counsel was appointed routinely because of his familiarity with the case. It does not appear that either the clerk or counsel ever called the claim of incompetency of counsel to the attention of the trial judge."

The particular nature of the District Court's concern appears to be the test to be applied in resolving the issue of counsel's competency. Prior to the time the applicant filed his petition for habeas corpus in the Criminal Court of Baltimore and to the time that the first petition for post conviction relief was filed, the existing test concerning inadequacy of counsel was whether there existed at the trial (1) bad faith, (2) fraud, (3) collusion with the State on the part of defense counsel, or (4) such incompetency as would make the trial a farce. Under *Turner v. State,* 303 F. 2d 507 (4th Cir.) and its sequel *Turner v. State,* 318 F. 2d 852 (4th Cir.), the test in that federal Circuit Court of Appeals is more general, *i.e.,* under all the circumstances of the particular case has the petitioner been afforded a genuine and effective representation. Likewise the Maryland case law has been broadened by the decisions of this Court in *Hyde v. Warden,* 235 Md. 641, and other cases cited at 646 of 235 Md. where we held, in effect, that a finding of fact on all questions dealing with competency of counsel properly presented in a petition for post conviction relief, is required.

Pursuant to Judge Thomsen's opinion Slater's second and present petition under the Post Conviction Procedure Act was thereupon instituted in the Criminal Court of Baltimore on January 29, 1965. An evidentiary hearing was held on June 8, 1965, before Judge Sodaro, in which testimony was received relative to the six grounds for relief therein pressed by Slater upon which he now seeks leave to appeal from an adverse determination:

"1. That he had requested counsel to seek a severance;

"2. That he had requested counsel to recall one of the witnesses with respect to inconsistencies in his testimony;

"3. That he requested his attorney to subpoena certain alibi witnesses who were not called;

"4. That counsel conferred with petitioner only a couple of times prior to trial;

"5. That he was not advised of his right not to take the stand;

"6. That he was not advised of his right to appeal and was prejudiced by appointment of the same attorney to represent him on appeal after having stated as one of his grounds 'incompetency of his trial counsel.'"

As to petitioner's first allegation that he requested a severance, Judge Sodaro found the contention to be without merit because severance is not a matter of absolute right and absent a showing of how he was prejudiced by his attorney's failure to seek a severance it can not be a ground for post conviction relief.

The second allegation involves basically a question of counsel's trial tactics which are not reviewable in this proceeding, *Hall, supra*. Moreover, inconsistencies in testimony or mere discrepancies in the evidence are matters to be considered by the trier of facts, which in Slater's case have already been determined by this Court to be sufficient to convict.

With respect to petitioner's third allegation, the trial counsel stated at the hearing before Judge Sodaro that petitioner requested, and he summoned, two witnesses, one of whom never appeared in court; that the sheriff was unable to find this witness, and that Judge Prendergast, the trial judge, allowed a continuance until the next day in order to afford the applicant an opportunity to locate him. Trial counsel further testified that it was his feeling, in view of what petitioner had told him about the absent witness, that he would have been of no help to petitioner's case, and he did not therefore press for any fur-

ther continuance of the case. The second witness was present on the first day of the trial but kept insisting that he knew nothing about the petitioner's whereabouts at the time of the commission of the offenses, and could be of no help whatsoever. A third witness, a bartender, was supposedly working in a bar wherein petitioner was drinking at the same time as the robberies, and the applicant testified that he requested his trial counsel to call him, but his trial attorney specifically denied that the applicant made any such request, and Judge Sodaro made a finding of fact in which he stated that he chose to believe the trial counsel.

As to the fourth contention, *Turner v. State,* 318 F. 2d 852, deals with this point and since Judge Sodaro found no prejudice resulting thereby, this ground can afford the applicant no basis for relief.

As to the fifth contention, Judge Sodaro implicitly found, after hearing the testimony of trial counsel, that the applicant had been fully advised of his right to take or refuse to take the witness stand.

The portion of appellant's sixth contention dealing with alleged failure of trial counsel to advise him of his right to appeal was non-prejudicial, even if true, since he did in fact prosecute an appeal. As to the latter portion of the sixth contention, that he was prevented from pressing his claim of incompetent trial representation by virtue of Judge Prendergast's appointment of his trial attorney to prosecute the appeal, Judge Sodaro found that the alleged error was without prejudicial consequence. After determining that trial counsel representation was adequate under the now prevailing standard set forth in the *Turner* cases by disposing, adversely to applicant, of all the above referred to allegations of incompetency, Judge Sodaro was correct in ruling that even had the issue of incompetency been timely presented on appeal, it would have proven unavailing. It is to be noted that Slater does not now contend, nor has he on his numerous other excursions into the state and federal courts, that counsel's handling of the direct appeal on the issue of sufficiency of the evidence to convict was incompetent.

*Application denied.*