(No. 42060.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* SAMUEL ALEXANDER, Appellant.

*Opinion filed March 24, 1970.*

GERALD W. GETTY, Public Defender, WILLIAM J. MARTIN, and JAMES B. HADDAD, all of Chicago, (THEO-

DORE A. GOTTFRIED, Assistant Public Defender, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JAMES VELDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

After a bench trial in the circuit court of Cook County the defendant, Samuel Alexander, was found guilty of burglary. He was sentenced to imprisonment for not less than two nor more than four years. On his direct appeal to this court he raises two constitutional questions: first, that he was denied the effective assistance of counsel, and, second, that he did not knowingly waive his right to a jury trial.

At approximately 5 P.M. on April 6, 1968, three Chicago police officers responded to a call that a burglar alarm had been activated at a liquor store at 67th and Halsted Streets in the city of Chicago. The record shows that a hole had been broken through the wall of the liquor store and that intruders had entered the store through the hole and opened the rear entrance.

A number of persons had fled down the alley when they saw the squad car approach, but two remained, apparently unaware that the police had arrived. The officers testified that these two men were the defendant and George Easton, a co-defendant. From a distance of about 30 feet the three officers saw Easton passing cases of liquor to the defendant, who was outside. When the officers announced their presence, the defendant and his companion dropped the cases of liquor which they were carrying and fled up an enclosed stairway toward the second story of the building which

housed the liquor store. The officers pursued, twice ordered the men to stop and, when they did not obey, fired two warning shots into the air and then a third shot aimed in the direction of the defendant. The defendant, followed by Easton, dived through a window at the second floor landing of the stairwell and onto an adjoining rooftop. Shortly thereafter, he was found lying unconscious in an areaway between two buildings, his ankle apparently fractured in a fall from the rooftop. Easton was also apprehended, and the two were taken into custody. Each of the three police officers positively identified the defendant as the person he had seen receiving liquor from inside the looted store.

The theory of the defense at the trial was that the defendant was an innocent bystander who had accidentally become involved. The defendant testified that he had given an acquaintance named "Moon" two dollars to drive him home in a red 1961 Plymouth, that on the way home they were flagged down by some friends of "Moon", and that they then went to the rear of the liquor store for reasons unknown to the defendant. He testified that he waited in the car for about ten minutes and then became impatient and went up to the second floor of the building to look for "Moon"; that as he was walking down the staircase with "Moon" the police arrived and several shots were fired; that he became frightened and followed Easton, whom he did not know, through the window and onto the adjoining rooftop; and that in an attempt to lower himself from the rooftop he sustained an injured ankle. He denied having entered the liquor store at any time or having received any stolen goods, although he saw a number of people in the hallway of the building near a hole in the wall of the liquor store.

The defendant is represented on this appeal by the Public Defender. The record does not indicate whether his trial counsel was retained or whether, in the emergency situation following the April, 1968, disturbances, he was among the

attorneys who volunteered their services in the defense of criminal cases without compensation.

In support of his argument that he was denied the effective assistance of counsel at his trial, the defendant relies upon the fact that his trial counsel failed to file any pretrial motions in his behalf, that he did not request a list of witnesses, that he was totally unprepared to confront and cross-examine the State's witnesses, that he failed to request witnesses' prior statements either in the form of police reports or grand jury testimony, and that he failed to inquire whether the arresting officers had informed the defendant of his constitutional rights. We have examined these contentions in light of the entire record in the case, and we are unable to agree that the defendant was incompetently represented.

The defendant's attorney skillfully developed, on cross-examination of the police officers, circumstances designed to support the defendant's anticipated testimony. Two of the officers acknowledged that the defendant had referred to a "Moon" at the scene of the arrest; the third wasn't sure that he had heard such a reference, but was certain that a red 1961 Plymouth had been mentioned. The defendant's attorney skillfully examined the defendant, and he made a well-stated closing argument and appropriate post-trial motions. It cannot be said under any test that the defendant was denied his constitutional right to the effective assistance of counsel. (*Cf. People* v. *Morris,* 3 Ill.2d 437, 444; *People* v. *Washington,* 41 Ill.2d 16, 21-22; *Slater* v. *Warden,* 241 Md. 668, 217 A.2d 344, 346.) Certainly there has been no showing that the defendant was substantially prejudiced by incompetent representation. See *People* v. *Robinson,* 21 Ill.2d 30, 36, *cert.* denied 365 U.S. 861, 5 L. Ed. 2d 826; *People* v. *Cox,* 22 Ill.2d 534, 538, *cert.* denied 374 U.S. 855, 10 L. Ed. 2d 1076; *People* v. *Coolidge,* 26 Ill.2d 533, 540; *People* v. *Palmer,* 31 Ill.2d 58, 65; *People* v. *Dean,* 31 Ill.2d 214, 218; *People* v. *Gray,* 33 Ill.2d 349, 355, appeal dis-

missed 384 U.S. 718, 16 L. Ed. 2d 881; *People* v. *Georgev,* 38 Ill.2d 165, 168-69, *cert.* denied 390 U.S. 998, 20 L. Ed. 2d 97.

At the beginning of the trial, the following colloquy occurred concerning the waiver of a jury trial:

"DEFENDANT'S ATTORNEY: This is Samuel Alexander, the defendant, Your Honor. He is ready for trial.

ASSISTANT STATE'S ATTORNEY: The State is ready.

DEFENDANT'S ATTORNEY: I think we can waive the jury.

\* \* \*

THE COURT: All right. Mr. Samuel Alexander, your counsel advises me you wish to waive your right to a jury trial and submit your cause to this Court.

Before permitting you to do so, it is my duty to advise you under law you have a right to a jury trial if you desire.

Knowing of your legal right do you still wish to waive your right to a jury trial and submit this case to this Court without a jury?

THE DEFENDANT: Yes, sir.

THE COURT: All right, you may indicate that for the record by signing a jury waiver, which is now being handed you by your attorney."

The defendant then signed the jury waiver form and the case proceeded to trial. We are satisfied that the defendant was adequately admonished of his right to a trial by jury and that he knowingly and understandingly waived it. Ill. Rev. Stat. 1967, ch. 38, par. 103—6; *People* v. *Clark,* 30 Ill.2d 216, 220; *People* v. *Novotny,* 41 Ill.2d 401, 408-09; *cf. People* v. *Benjamin,* 34 Ill.2d 183, 186.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*