2 Ill. App.3d 507 (1971)
276 N.E.2d 504
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
FRANKIE B. RODGERS, JR., Defendant-Appellant.
No. 11447.
Illinois Appellate Court  Fourth District.
November 5, 1971.
Rehearing denied December 29, 1971.
*508 Morton Zwick, Director of Defender Project, of Chicago, and Prentice H. Marshall, Champaign, (David Stanczak, Daniel Williams, Senior Law Students, of counsel,) for the appellant.
Lawrence E. Johnson, State's Attorney, of Urbana, (Kenneth E. Baughman, Assistant State's Attorney, of counsel,) for the People.
Judgment affirmed.
Mr. JUSTICE CRAVEN delivered the opinion of the court:
The defendant was found guilty in a bench trial of involuntary manslaughter and unlawful use of weapons. He was granted probation conditioned upon the first 12 months being served in the State Penal Farm *509 in Vandalia. This appeal follows the conviction and judgment of probation.
The defendant asserts that he did not knowingly and understandingly waive his right to a jury trial; that he was not proved guilty of involuntary manslaughter beyond a reasonable doubt; and finally, that the trial court abused its discretion when it conditioned the grant of probation so as to require the defendant to serve one year at the Illinois State Farm.
 1 The defendant was admonished as to his right to a jury trial  the admonishment being in the form of a usual discussion of the right to a trial by jury. The defendant was not informed, however, that should he elect a jury trial, unanimity of the jury would be required and further that an essential ingredient of a trial by jury included a right to a trial before 12 impartial jurors who would be under the direction and supervision of a judge.
In People v. Alexander, 45 Ill.2d 53, 256 N.E.2d 785, the court held that a defendant was adequately admonished and that he knowingly and understandingly waived his right to a trial by jury when the admonition consisted of the trial judge informing him that "you have a right to a jury trial if you so desire." Such admonition obviously would not include that which the defendant characterizes as an essential ingredient or component of a jury trial  an understanding of which is a necessary condition precedent to a knowing and understanding waiver. We view the decision in Alexander as determinative of this contention.
A consideration of the defendant's second contention  that the evidence does not establish his guilt of involuntary manslaughter beyond a reasonable doubt  requires a recitation of the essential evidence adduced.
On January 2, 1969 at around 7:00 P.M. in the evening the defendant was at the home of some friends in Champaign, Illinois. There were several other people in the household, all of whom had gathered for the purpose of a farewell party to one Archie Moore who was then on leave from and about to return to his military unit in Vietnam. At a point early in the evening, the defendant, Carl Frazier and a Louis Mitchell were in the kitchen. Other guests were in an adjoining room. Mitchell was talking on the telephone with his girlfriend. Defendant and Frazier were seated opposite each other around a kitchen table. The testimony is uniformly to the effect that they were laughing and joking. At least there is no indication of any hostility between the defendant and Frazier at this particular time in the evening nor at any time prior thereto. The defendant reached into his hip pocket and pulled out a .32 calibre revolver. The testimony indicates that the defendant was looking in the direction of Frazier when he was in the process of removing the gun. In the process *510 of removing the gun it discharged and the bullet struck Frazier in the left temple.
Mitchell saw the defendant reach into his hip pocket, heard the discharge of the gun, and the other occupants of the house likewise heard the shot, and went into the kitchen where they saw Frazier lying on the floor bleeding.
The defendant was screaming for someone to call the police and an ambulance. When the ambulance arrived, the defendant, who was described as crying hysterically, accompanied the ambulance to the hospital where Frazier was pronounced dead on arrival.
At the hospital the defendant talked with an orderly and requested the orderly to call the police. Defendant also talked with a nurse, Charlotte Golden, who testified that the defendant told her at the hospital that the decedent Frazier had said a "funny word" about defendant's girlfriend and that the defendant shot him. The orderly also testified to the effect that the defendant told him that he shot Frazier after Frazier said something to him.
Upon the arrival of the police defendant was placed under arrest; he was admonished as to his rights, then gave a statement to the police as to what happened at the residence. He was described by the police officer as "cooperative and not evasive."
An expert witness called by the State testified as to the firing characteristics of the gun, explaining that the weapon could be discharged by a 13 1/2 lb. pull on the trigger from the uncocked position, or by a 6 lb. pull on the trigger from a cocked position. A coroner's inquest on January 27 returned a verdict of accidental death.
Section 9-3(a) of ch. 38, Ill. Rev. Stat. 1967, defines involuntary manslaughter in the following terms:
"A person who kills an individual without lawful justification commits involuntary manslaughter if his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly."
Section 4-6 of chapter 38 defines recklessness in the following terms:
"A person * * * acts recklessly, when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, described by the statute defining the offense; and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation * * *."
 2 Recently, in People v. Thomas, General No. 11319, (Ill. App.2d), (N.E.2d), we discussed recklessness and conduct which factually could constitute a gross deviation from the standard of care which a reasonable person would exercise in the situation. Here, as in Thomas, a substantial *511 issue is credibility as well as a determination of whether the conduct could constitute reckless disregard of a substantial risk. We conclude from the evidentiary situation found in this record that the trial court, as the trier of fact, could determine that the defendant's action was likely to cause death or great bodily harm and that the defendant's conduct constituted a gross deviation from the standard of care which a reasonable person would exercise in the situation. We cannot say that this factual determination by the trial court based upon his judgment as to credibility is so unsatisfactory as to constitute a reasonable doubt of guilt. In this connection, the case of People v. Post (1967), 39 Ill.2d 101, 233 N.E.2d 565, relied upon by the defendant seems not to be persuasive. In Post the defendant shot into the ground at some distance behind a fleeing prowler. The bullet ricocheted and killed the prowler. The court there held that such conduct was not reckless per se and that the act was not likely to cause death or great bodily harm to a person some distance away. Perhaps implicit in the court's reasoning was that the intentional or deliberate act there involved under the circumstances negated carelessness or recklessness. In this case, the evidence is that the defendant drew a loaded gun in close proximity to another individual under circumstances that the trier of fact determined to have been careless or reckless.
Section 117-2 of ch. 38, Ill. Rev. Stat. 1969, relates to conditions of probation. Paragraph (a) of that section contains the mandatory conditions of probation. Paragraph (b) relates to five discretionary conditions of probation, the first of which is imprisonment in a place of confinement other than a penitentiary for a period not to exceed one year and in no event to exceed the maximum penalty provided for the offense. In this case the court granted probation but imposed the one year definite term as a condition. There is no controversy but what the defendant had no record of prior convictions; nor is there any contention here that this act of the defendant was motivated by malice or intent to harm. The defendant was 22 years old at the time of the offense; he was employed; he had been in military service and was honorably discharged. Notwithstanding this favorable information, the probation officer's report concluded that he could "find no reasonable excuse for the defendant having a loaded gun on his person or for handling same in so dangerous and irresponsible a manner." The recommendation concluded with the suggestion of probation but with a period of incarceration. No evidence was presented by the defendant in mitigation.
 3-6 The statute in Illinois expressly permits a term of incarceration as a condition of probation. Such becomes a matter of discretion with the trial court. It none the less must be discretion exercised upon the *512 basis of the facts and circumstances of any particular case. In U.S. v. Murphy, 217 F.2d 247, Chief Judge Duffy commented upon an unusual probation order requiring periodic incarceration of the defendant. He there observed that the purpose of probation is not imprisonment but rehabilitation and states: "The prevailing opinion among criminologists and probation officers, as well as others who have studied the question, is that mixed sentences of imprisonment and probation should not be imposed." Notwithstanding the disapproval of such intermixing, the court sustained the imposition of the terms of probation. In Rubin, The Law of Criminal Correction, at pages 186-187, the author comments upon the practice in some jurisdictions of requiring a defendant to serve a term of imprisonment as a condition of his probation. The author's comments and the citations to studies and opinions there found raises serious question as to the practice. It would seem that if a defendant is entitled to probation he should get it and if he or his offense require imprisonment, probation should be denied and an appropriate sentence imposed. We conclude, however, that the imposition of the discretionary terms of probation, like the grant or refusal to grant probation in the first instance, is a matter to be determined in the exercise of discretion in the trial court. We are not here persuaded that this record establishes an abuse of discretion.
The judgment of the circuit court of Champaign County is affirmed.
Judgment affirmed.
SMITH, P.J., and TRAPP, J., concur.

SUPPLEMENTAL OPINION ON DENIAL OF PETITION FOR REHEARING
Mr. JUSTICE CRAVEN delivered the opinion of the court:
Appellant in his petition for rehearing urges several issues, one of which relates to the fact that since the conviction and the considerable time that has elapsed, there are extenuating factors which may warrant a re-examination of the condition of probation requiring incarceration.
While we adhere to the views expressed in our original opinion, we note that paragraph c of section 117-1, ch. 38, Ill. Rev. Stat. 1969, provides that a person admitted to probation shall remain subject to the jurisdiction of the court. We view the petition for rehearing as a statement of conditions that may warrant a re-examination of the condition of probation or at least that may now become material on the question of rehabilitation. Such is a matter for consideration of and determination by the trial court since that court has continuing jurisdiction of its probationer.
*513 Accordingly, rehearing is denied. This cause, however, is remanded to the circuit court of Champaign County for consideration of such subsequent relevant evidence as may be presented there in the event that the defendant files a proper motion in that court within 30 days of the issuance of the mandate of this court. If such motion is filed, the circuit court shall determine, in its discretion, the condition of probation. If such motion is not filed within the time limited, the mittimus is ordered to issue.
TRAPP, P.J., and SMITH, J., concur.