Harry Lee CLAYTON, Appellee,

v.

Lloyd E. HAYNES, Warden of the Huttonsville Correctional Center, Appellant.

No. 74–2175.

United States Court of Appeals, Fourth Circuit.

Argued March 7, 1975.

Decided June 9, 1975.

David P. Cleek, Asst. Atty. Gen. of West Virginia (Chauncey H. Browning, Jr., Atty. Gen., Richard E. Hardison, Deputy Atty. Gen. of West Virginia, on brief), for appellant.

Thomas M. Chattin, Charleston, W.Va., for appellee.

Before BRYAN, Senior Circuit Judge, FIELD, Circuit Judge, and HALL, District Judge.*

* Honorable K. K. Hall, sitting by designation.

FIELD, Circuit Judge:

Harry Lee Clayton is presently confined in the West Virginia State Penitentiary under a ten year sentence imposed by the Circuit Court of Wood County on December 31, 1971, after he was found guilty of armed robbery by a jury. Clayton filed a petition for a writ of habeas corpus in the district court and after a plenary hearing the court granted the writ and the State has appealed.

■ While the petition alleged five grounds for relief,[1] the district court granted the writ upon its finding that at the petitioner's trial the State unconstitutionally used prior uncounseled misdemeanor convictions to impeach Clayton when he took the witness stand in his own behalf.[2] In granting relief the district judge concluded that in view of the Court's decision in Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the rationale of Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), constitutionally proscribed the State's use of uncounseled misdemeanor convictions. The district court reasoned that such a conclusion is a logical extension of Argersinger just as Loper was a logical extension of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

Assuming that the district court correctly decided the constitutional question, we agree with the State that Clayton failed to meet his burden of proving the invalidity of the prior convictions. While the petition alleges that Clayton had been denied his right to counsel in regard to each of the misdemeanor convictions, no evidence whatever was submitted to the district court in support of this allegation. Clayton testified at the plenary hearing, but his testimony, both on direct and cross-examination, focused on other claims in his petition and nothing bearing upon the challenged use of the misdemeanor convictions was presented.[3] Additionally, nothing in the way of documentary evidence was offered in support of this allegation.

■ The burden of showing a substantial constitutional deprivation is upon the petitioner in a habeas corpus proceeding. As the United States Supreme Court stated in Johnson v. Zerbst, 304 U.S. 458, 468–469, 58 S.Ct. 1019, 1025, 82 L.Ed. 1461 (1938):

"It must be remembered, however, that a judgment cannot be lightly set aside by collateral attack, even on *habeas corpus*. When collaterally attacked, the judgment of a court carries with it a presumption of regularity. Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of *habeas corpus,* the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of counsel." (Emphasis in original) (Footnote omitted).

The requirement that a petitioner carry "the traditional *Johnson* burden * * * to establish a substantial constitutional

---

1. Three grounds for relief were dismissed by the district court during the course of the hearing on the petition. A fourth ground of relief alleged that evidence obtained as a result of an illegal search was admitted at petitioner's trial. Since relief was being granted on the uncounseled convictions claim, the district judge declined to pass on the search and seizure issue, observing that if the State elected to retry the petitioner that issue should appropriately be addressed to the State trial court.

2. W.Va.Code Annotated § 57–3–6 (Michie 1966) provides in part that a defendant "shall be subject to cross-examination as any other witness" if he voluntarily takes the stand.

This section has been consistently construed by the Supreme Court of Appeals of West Virginia to allow the defendant to be questioned about both misdemeanor and felony convictions for the limited purpose of testing his credibility. State v. Simmons, 148 W.Va. 340, 135 S.E.2d 252 (1964); State v. Friedman, 124 W.Va. 4, 18 S.E.2d 653 (1942).

3. During oral argument counsel for the petitioner explained the absence of testimony on this point by the candid admission that at the time of the hearing in the court below neither he nor the district judge was particularly impressed with the merits of this claim.

deprivation" is still viable,[4] and in our opinion it was error for the district court to grant relief in this case based upon nothing more than the allegations of Clayton's petition. Accordingly, the order appealed from is reversed and the case remanded to the district court for a further hearing on this issue.

Upon remand the petitioner should be required to show that at the time of each of his four misdemeanor convictions he was not represented by counsel; that he did not waive his right to counsel; and if he claims that he had the right to appointed counsel, he has the burden of proving his financial inability to retain an attorney at that time. *See* Loper v. Beto, *supra*, at 485, 92 S.Ct. 1014 (White, J., concurring); Kitchens v. Smith, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971). Regardless of its ultimate disposition of this primary claim of the petitioner, the district court should also consider and decide the search and seizure issue raised in the petition.

Reversed and remanded with directions.

---

4. Loper v. Beto, 405 U.S. 473, 500, 92 S.Ct. 1014, 1027, 31 L.Ed.2d 374 (1972) (Rehnquist, J., dissenting).