Warner SLATER, 6366

v.

Ralph WILLIAM.

Civ. No. T–77–1217.

United States District Court,
D. Maryland.

Nov. 3, 1977.

Warner Slater, pro se.

Franics B. Burch, Atty. Gen. of Maryland, and John P. Stafford, Jr., Asst. Atty. Gen., of Baltimore, Md., for respondent.

## MEMORANDUM OPINION

THOMSEN, Senior District Judge.

In his present petition for a writ of habeas corpus, Slater raises for the first time in this court his contention that he was deprived of his constitutional rights because on January 15, 1960, in the Criminal Court of Baltimore, after he had been convicted of participation in two separate armed robberies, the late Judge Prendergast considered, in imposing sentence for those offenses, prior convictions in five cases in which Slater had not been represented by counsel, as well as convictions in cases in which he had been represented by counsel.

The history of Slater's early efforts to set aside his 1960 conviction are set out in detail in the opinion of this court dated March 8, 1967, in *Warner Slater v. State of Maryland*, Civil No. 14907, a copy of which, along with copies of later state court opinions are filed herein as Exhibits 3 to 6 to respondent's answer to Slater's present habeas corpus petition.

Slater did not raise the point on which he now relies until his fourth petition for post conviction relief, filed in the Criminal Court of Baltimore in 1976, in which he made the following allegation, inter alia: "Petitioner contends he was denied his Fifth and Fourteenth Amendment rights when the trial Judge used prior convictions to enhance punishment."

In denying that petition, Judge Allen said, in a memorandum opinion and order dated December 3, 1976:

"Since this is Petitioner's fourth Petition for Post Conviction relief, it is governed by Rule BK 48 of the Maryland Rules of Procedure entitled *Waiver of*

*Errors.* The rule stated simply is that an allegation of error shall be deemed waived when a Petitioner could have made, but intelligently and knowingly failed to make such allegation . . . in a prior petition under the Uniform Post Conviction Procedure Act . . . unless the failure to make such allegation shall be excused because of special circumstances. The burden of proving the existence of such special circumstances shall be upon the Petitioner. There is a rebuttable presumption that the allegation was intelligently and knowingly waived.

"Turning to Petitioner's contentions in this post conviction there is absolutely no showing of any special circumstances why these allegations were not raised on appeal, habeas corpus or other post conviction petition. Therefore, the presumption is that Petitioner has knowingly and intelligently waived his right to raise these contentions.

"It should be noted that since this Court does not have a copy of petitioner's other petitions, if these allegations were raised before, they are deemed finally litigated and cannot be raised again. *Ingram v. Warden*, 221 Md. 597, 155 A.2d 668.

"For the above reasons the relief sought is denied."

Leave to appeal was denied by the Court of Special Appeals of Maryland on January 11, 1977, because the paper treated as an application for leave to appeal did not contain a statement of why Judge Allen's ruling should be reversed or modified.

Slater thereupon filed his present petition in this court. In his answer thereto, the Warden contends that Slater should not be allowed to raise at this time the fact that evidence with respect to his prior convictions was used for impeachment purposes in his 1960 trial; the Warden argues that Slater has not complied with the requirements of *Clayton v. Haynes*, 517 F.2d 577 (4 Cir. 1975). That argument, however, is beating a dead horse; Slater is not complaining because the prior convictions were used in obtaining his 1960 convictions; he is complaining because they were considered by the judge in imposing sentence in the 1960 cases.

The 1960 sentence was imposed before *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), where the Court held for the first time that to permit a conviction obtained in violation of *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), to be used against a person to enhance punishment for another offense is to erode the principle of *Gideon*. In *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), the Court noted: that in imposing sentence upon a defendant convicted of bank robbery, a federal district judge gave explicit consideration to the defendant's record of serious convictions; and that it was later conclusively determined that two of the previous convictions were constitutionally invalid, having been obtained in violation of *Gideon v. Wainwright*. The Court held that the court of appeals was correct in remanding the case to the district court for reconsideration of the sentence imposed upon the defendant. In *Loper v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), in a 4–1–4 decision dealing with a federal habeas corpus case arising out of a state court conviction in 1974, the Court remanded the case for further proceedings consistent with Justice Stewart's opinion. See also *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

■ In *Brown v. United States*, 483 F.2d 116 (4 Cir. 1973), a panel of the Fourth Circuit adopted a two-step procedure: the district judge should first consider whether the sentence was appropriate, discounting the prior convictions. If not, he must reach the second question, whether the prior convictions have been invalidated. The court found it necessary to remand the proceeding to the district court in order that it might review the record to determine whether, assuming the invalidity of the three state convictions in question, its sentence would be the same.

In *Stepheney v. United States,* and *Singleton v. United States,* 516 F.2d 7 (April 1975), the Fourth Circuit, en banc (with a concurring and a concurring and dissenting opinion), discussed the effect of *Tucker,* supra, and concluded:

"In Singleton's case the District Court specifically found that the sentence was appropriate and that the prior convictions had not contributed to its length. This finding falls well within *Brown's* scope, and resentencing Singleton would serve no useful purpose. Accordingly, we affirm the District Court's dismissal of Singleton's petition." Id. at 8.

"In Stepheney's case, however, the District Court stated that the sentence was 'appropriate even if each prior conviction allegedly invalid is removed and not considered.' On its face, this statement is equivocal. It does not clearly say that the District Court found that the length of the sentence was unaffected by the invalid prior convictions, that the sentence would have been the same with or without them. . . .

"Accordingly, we vacate and remand for more specific findings. Unless the District Court should find that the sentence would have been the same without consideration of the allegedly invalid prior convictions, it should proceed to resentence Stepheney if the prior convictions have been held, in other proceedings, to be invalid; if there has been no such determination, the present petition may be dismissed as premature or held in abeyance pending the outcome of other proceedings to determine the validity of the challenged convictions as contemplated by the majority opinion in *Brown.*" Id. at 9.

In *Clayton v. Haynes,* 517 F.2d 577 (June 1975), which challenged a state court conviction, a panel of the Fourth Circuit reiterated the rule that the burden of showing a substantial constitutional deprivation is upon the petitioner in a habeas corpus proceeding, id. at 578, and remanded the case to the district court with the following instructions: "Upon remand the petitioner should be required to show that at the time of each of his four misdemeanor convictions he was not represented by counsel; that he did not waive his right to counsel; and if he claims that he had the right to appointed counsel, he has the burden of proving his financial inability to retain an attorney at that time."

In the present case we have something more than Slater's petition. With commendable fairness the Attorney General's office has submitted to this court the record extract of the 1960 trial, including the sentencing. In his statement before imposing sentence, the trial judge said, in pertinent part:

"However, after hearing this case for the better part of two days and hearing of the lives of crime which these two men have led during virtually all of their manhood, I am convinced that they are beyond rehabilitation." P. 125, Record Extract, *Miller and Slater v. State,* 223 Md. 354, 164 A.2d 715 (1960).

The answer herein also states what the docket entries in the Criminal Court show with respect to the cases in which Slater was furnished counsel and those in which no counsel's appearance was entered and no counsel was furnished. The answer adds that no objection was made at the trial to the introduction of these convictions for purposes of impeachment. It should be noted, however, that the trial was held in 1960, before the decision in *Gideon v. Wainwright,* supra, as well as before *Burgett v. Texas,* supra.

■ This court concludes that in the light of the recent cases in the Supreme Court and the Fourth Circuit, and of the statement of the sentencing judge, quoted above, the point raised by Slater in the present habeas corpus proceeding cannot constitutionally be finally disposed of on the ground stated in the memorandum order of the Criminal Court of Baltimore.

■ Clearly, a hearing in accordance with the rulings in the Fourth Circuit cases should be held. The question arises whether such hearing should be held in this court or in the Criminal Court of Baltimore. This

4

court believes that in the interest of federal-state relationships (which have been good in Maryland), the hearing should be held in the Criminal Court of Baltimore, which has the existing records with respect to the prior convictions and can determine as well as, if not better than, this court whether Slater competently and intelligently waived his constitutional right to assistance of counsel in the five previous cases—also in the Criminal Court of Baltimore—in which he was not represented by counsel.

This court will, therefore, withhold final decision on the present habeas corpus petition until: (1) Slater has filed in the Criminal Court of Baltimore a petition for resentencing in the 1960 case; and (2) that court has acted on said petition, by (a) denying it or (b) resentencing Slater, within ninety (90) days after the filing thereof unless that time is extended by agreement of Slater and the State or by an application to this court in this case for good cause shown. This court assumes that the Criminal Court of Baltimore will assign counsel to represent Slater in such petition, in view of the affidavit of indigency which he has filed in this court.

The Clerk of this Court is instructed to mail a copy of this memorandum opinion to the petitioner and to mail a copy to John P. Stafford, Jr., Esq., Assistant Attorney General.