Martin G. BAYERLE, Petitioner,

v.

Wayne GODWIN, Sheriff of Harrison County; Nicholas Hun, Commissioner, West Virginia Division of Corrections; Bruce T. Carter, Chairman, West Virginia Board of Probation and Parole, Respondents.

Civ. A. No. 93–0025–E.

United States District Court,
N.D. West Virginia.

June 28, 1993.

**114**

Martin G. Bayerle, pro se.

Chad M. Cardinal, Asst. Atty. Gen., for respondents.

## ORDER

MAXWELL, Chief Judge.

Petitioner, a state prisoner proceeding *pro se*, instituted the above-styled habeas corpus action pursuant to 28 U.S.C. § 2254. Respondents, by and through Assistant Attorney General for the State of West Virginia, Chad M. Cardinal, filed Motion to Dismiss on March 23, 1993. Due to the contemporaneous submission of exhibits, the Court interprets said Motion as a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. On March 29, 1993, Petitioner filed "Opposition to Respondents' Motion to Dismiss." Pursuant to an Order of this Court, Petitioner filed on May 25, 1993, in response to Respondents' Motion, "Summary of Argument in Support of Petition for Writ of Habeas Corpus." The pending dispositive motions are ripe for consideration.

Motions for summary judgment under Rule 56, Fed.R.Civ.P., impose a difficult standard on the movant, for it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. FDIC*, 906 F.2d 972, 974 (4th Cir.1990). Rule 56(c) provides that summary judgment shall be entered whenever "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." The "mere existence of a scintilla of evidence[,]" favoring the nonmoving party, will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

To withstand Respondents' Motion, Petitioner must offer evidence from which "a fair-minded jury could return a verdict for [Petitioner,]" after examining the record as a whole. *Id.* Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the action under applicable law, as well as genuine, meaning that they create fair doubt rather than encourage mere speculation. *Id.* at 248, 106 S.Ct. at 2510; *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985).

The Court finds it necessary, upon review of counsel for Respondents' "Statement of Exhaustion" in the Memorandum of Law to the Motion to Dismiss, to first address Petitioner's state remedy exhaustion. Petitioner filed a petition for habeas corpus in the Circuit Court of Harrison County which, in turn, was appealed to the West Virginia Supreme Court, and which included claims raised in the instant petition.

A Petitioner challenging a state criminal conviction by a federal habeas corpus action in West Virginia can satisfy the exhaustion requirement by filing a petition for writ of habeas corpus ad subjiciendum in an appropriate state circuit court and, if unsuccessful there, by appealing the denial of the writ to the state Supreme Court. W.Va. Code §§ 53–4A–1, 53–4A–9 (1981). Petitioner's failure to exhaust all issues presented in his petition would require this Court to dis-

miss this action. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The record reveals Petitioner exhausted his state remedies.

In the instant matter, Petitioner asserts he was denied due process and a constitutionally protected liberty interest to a timely parole interview and requests, therefore, that this Court grant his petition and order his discharge from custody. Respondents contend that Petitioner received a parole interview on September 23, 1992 and was scheduled for a second interview in April 1993. Petitioner has offered no proof that he was denied the second scheduled interview. Accordingly, the Court must assume Petitioner did, in fact, receive the second interview.

In order to prevail in a habeas action, Petitioner carries the burden of proof to show a substantial constitutional deprivation. *See Clayton v. Haynes,* 517 F.2d 577 (4th Cir.1875). Also, Petitioner must raise a "live case or controversy"—one that is not moot. *See Leonard v. Hammond,* 804 F.2d 838 (4th Cir.1986). As Respondents properly note, claims for equitable relief become moot when a prisoner is no longer subject to the conditions to which he complained.

The instant petition rests on a denial of a timely parole interview. Mere delay in a federal parole revocation hearing does not constitute a violation of due process, nor does it necessitate habeas corpus relief. *See Heath v. U.S. Parole Commission,* 788 F.2d 85, 89 (2d Cir.1986) (absent prejudice or bad faith by the Commission, the appropriate remedy is not habeas corpus relief, but a petition for mandamus for a hearing); *Bryant v. Grinner,* 563 F.2d 871, 872 (7th Cir.1977) (remedy for a late hearing is a hearing). This Court will not, upon review of the full record in the instant matter, extend habeas corpus relief to this state prisoner. Though Petitioner's parole interview may have been untimely, he has not set forth specific facts showing that there now exists a genuine live controversy on this issue.

This Court will not substitute its opinion in place of Respondents' factual determinations. Petitioner has received his parole interview and the West Virginia Board of Probation and Parole has rendered its decision accordingly. *See Franklin v. Shields,* 569 F.2d 784, 800 (4th Cir.1977), *cert. denied,* 435 U.S. 1003, 98 S.Ct. 1659, 56 L.Ed.2d 92 (1978) (parole authorities have broad discretion in balancing the State's needs and prisoner's rights in deciding whether to grant parole). There is no evidence, beyond assertion, that the State abused Petitioner's constitutionally protected rights. *See Tasker v. Mohn,* 165 W.Va. 55, 267 S.E.2d 183, 190 (1980) (the decision to grant or deny parole is a discretionary evaluation to be made by the West Virginia Board of Probation and Parole).

In view of the facts and applicable law in this matter, the Court concludes that there is no genuine issue of material fact and Respondents are entitled to prevail as a matter of law. Accordingly, it is

**ORDERED** that Respondents' Motion for Summary Judgment be, and the same is hereby, **GRANTED** and the above-styled civil action be **STRICKEN** from the docket of this Court.

If Petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of entry of the Judgment Order, pursuant to Rule 4, Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $100.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, Petitioner may, in accordance with the provisions of Rule 24(a), Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.